[Crim. No. 19855. Nov. 3, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
GREGORY ALLEN COMINGORE, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Barry R. Levy, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Laurance S. Smith and Dennis A. Fischer, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**CLARK, J.**—Defendant was charged in count I of an information with grand theft auto (Pen. Code, § 487, subd. 3)[1] and in count II with unlawful driving or taking of a vehicle (Veh. Code, § 10851).[2] Upon defendant's entry of a plea of former conviction, the court found that he had been convicted in Oregon of unauthorized use of a vehicle (Ore.Rev.Stat. 164.135),[3] and that the Oregon conviction barred prosecuting him in California for the crimes charged in the information. Accordingly, the court dismissed the information on its own motion and in furtherance of justice. (§ 1385.) The People's appeal from the dismissal order lies. (§ 1238, subd. (a)(8).)

The facts are not in dispute. Defendant took the victim's car from her residence in Glendale, California, without her permission, and drove it to Salem, Oregon, where he was apprehended and charged with unauthorized use of a vehicle. He pleaded guilty to that charge and was ordered confined in the Marion County jail in Salem, Oregon, for an indeterminate period not to exceed six months. Four days after judgment was entered defendant was granted a bench parole on condition he obey all laws. Subsequently, defendant was arrested in California and charged with grand theft auto and unlawful driving or taking of a vehicle, charges arising out of the same incident that resulted in his Oregon conviction.

The sole question on appeal is whether defendant's former conviction in Oregon for unauthorized use of a vehicle constitutes a bar under the law of California to prosecuting him in this state for grand theft auto and unlawful driving or taking of a vehicle.

We conclude that the Oregon conviction does bar the California charges, and that the trial court therefore acted properly in dismissing the information.

---

[1]Subdivision 3 provides that grand theft is committed "[w]hen the property taken is an automobile. . . ."

Unless otherwise indicated, all statutory references are to the Penal Code.

[2]Section 10851 provides in relevant part: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same . . . is guilty of a public offense . . . ."

[3]Oregon Revised Statutes 164.135 provides in relevant part: "(1) A person commits the crime of unauthorized use of a vehicle when: (a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle . . . without consent of the owner . . . ."

## DISCUSSION

As principles declared therein control this case our recent decision in *People* v. *Belcher* (1974) 11 Cal.3d 91 [113 Cal.Rptr. 1, 520 P.2d 385] will be reviewed in some detail. In a narcotics "rip off," the defendant in *Belcher* robbed two undercover officers, one of them a federal agent, at gun point. Having previously been acquitted in federal court of assault with a deadly weapon upon a federal agent' (18 U.S.C. § 111), the defendant was convicted in state court, on the basis of the same incident, of assault with a deadly weapon and by means of force likely to produce great bodily injury (§ 245, subd. (a)) and of two counts of first degree robbery (§ 211a). His principal contention on appeal was that he was denied his constitutional right to effective assistance of counsel because of trial counsel's failure to properly assert the defense of former acquittal. When a "crucial defense" is withdrawn because of counsel's lack of diligence or competence the trial is reduced to a "farce or sham," requiring reversal of the resultant conviction. (*People* v. *Camden* (1976) 16 Cal.3d 808, 815 [129 Cal.Rptr. 438, 548 P.2d 1110]; *People* v. *Stephenson* (1974) 10 Cal.3d 652, 661 [111 Cal.Rptr. 556, 517 P.2d 820]; *People* v. *Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].) The defense of former acquittal is a "crucial defense." Trial counsel did fail to adequately present it. Therefore, the question presented in *Belcher* was whether the defendant was *entitled* to the defense of former acquittal.

We noted at the outset that prosecution and conviction for the same act by both state and federal governments are not barred by the Fifth Amendment guarantee against double jeopardy. (*Abbate* v. *United States* (1959) 359 U.S. 187, 194-195 [3 L.Ed.2d 729, 733-735, 79 S.Ct. 666]; *Bartkus* v. *Illinois* (1959) 359 U.S. 121, 136 [3 L.Ed.2d 684, 694, 79 S.Ct. 676]; *United States* v. *Lanza* (1922) 260 U.S. 377, 382 [67 L.Ed. 314, 317, 43 S.Ct. 141].) This rule, however, does not preclude a state from providing greater double jeopardy protection than is provided by the federal Constitution under decisions of the United States Supreme Court. (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 601 [119 Cal.Rptr. 302, 531 P.2d 1086]; *Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 716 [87 Cal.Rptr. 361, 470 P.2d 345].)

The applicable California statute, we held, was section 656, which provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another State, Government, or country, founded upon the *act or omission* in respect to which

he is on trial, he has been acquitted or convicted, it is a sufficient defense." (Italics added.)

There was no question that Mr. Belcher "ha[d] been acquitted" or that the acquittal came "upon a criminal prosecution under the laws of another . . . Government," namely, those of the United States. The sole issue raised was whether the defendant's former acquittal in federal court of the charge of assault with a deadly weapon upon a federal officer was a "sufficient defense" to the state charges because it was founded upon the same "act or omission." Therefore, this court was called upon, for the first time, to construe the words "act or omission" as they are used in section 656.

"Under this section," we held, "a defendant may not be convicted after a prior acquittal or conviction in another jurisdiction if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution (*People* v. *Candelaria* [1956] 139 Cal.App.2d 432, 440 [294 P.2d 120]); however, *a conviction in this state is not barred where the offense committed is not the same act but involves an element not present in the prior prosecution. (People v. Candelaria* [1957] 153 Cal.App.2d 879, 884 [315 P.2d 386].)" (*People* v. *Belcher, supra,* 11 Cal.3d at p. 99, italics added.)

■ The People's position in the present case rests upon misunderstanding of the italicized portion of the foregoing quotation. The People concede that the charges pending against defendant in California are based upon the same *physical conduct* as the offense to which he pleaded guilty in Oregon. They contend, however, that the California charges are not based upon the same *act* as the Oregon conviction because the pending charges require an *element*—the intent to deprive the owner of his vehicle temporarily (Veh. Code, § 10851) or permanently (§ 484; Veh. Code, § 10851)—assertedly not required for the prior conviction. We rejected a similar argument in *Belcher,* as did the Court of Appeal in *People* v. *Candelaria* (1956) 139 Cal.App.2d 432 [294 P.2d 120], the first case to interpret section 656.

In *Candelaria,* the defendant asserted that under section 656 his prior conviction in federal court of robbery of a national bank was a bar to his

subsequent state conviction for the same robbery. The Court of Appeal agreed. "The only additional element involved in the federal prosecution was that the money belonged to a national bank whose deposits were federally insured. That additional element, regarding the status of title to or insurance on the money, pertained to the matter of jurisdiction of the federal court, and it did not pertain to any activity on the part of defendant in committing the robbery. The *physical act or conduct* of defendant in taking the money was the same whether the robbery be considered as a federal offense or a state offense. All the acts constituting the state offense were included in the federal offense and were necessary to constitute the federal offense. It is clear that, within the meaning of said section 656, the federal conviction was 'founded upon the act' in respect to which the defendant was tried in the present case. It appears, as a matter of law, that the previous federal conviction is a sufficient defense in the present case." (139 Cal.App.2d at p. 440, italics added.)

In *Belcher,* the People conceded that the state conviction for assault with a deadly weapon required proof of the same acts by the defendant as the federal offense, but they argued that the federal offense required proof of an element not required under the state offense, namely, that the assault was upon a federal officer. Relying on the above-quoted reasoning of the *Candelaria* decision, we rejected this argument. "[C]onviction of the federal offense required proof of no additional *act* on the part of the defendant; it merely required proof of the status of the victim for jurisdictional purposes." (11 Cal.3d at p. 100.) The robbery convictions, on the other hand, did require proof of an additional act by the defendant—the "taking of personal property in the possession of another" (§ 211)—that did not have to be proved to establish the federal offense of assault with a deadly weapon upon a federal officer. (11 Cal.3d at p. 100.)

The gist of the People's argument here is that intent is an element of an "act" as that term is used in section 656. This argument founders upon the language of section 20.

■ A statute should be interpreted with reference to the whole system of law of which it is a part. (*People* v. *Ruster* (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) Sections 20 and 656 date

from the 1872 enactment of the Penal Code and should be interpreted together. Section 20 provides that "In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." Intent, then, is an element of a crime or a public offense, not of an act.

One final consideration: Whereas our decision in *Belcher* turned upon interpretation of section 656, in this case the trial court relied, instead, upon section 793 which provides: "When an act charged as a public offense is within the jurisdiction of another State or country, as well as of this State, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefor in this State."

It has been suggested that "the determination of which one should be applied in a given case might well be based on the fact that they are placed in different parts of the Penal Code. Section 656 appears in Part One, which deals with crimes and punishments, while § 793 appears in Part Two, dealing with criminal procedure. From this it might be concluded that § 793 should be applied as a procedural defense to bar the institution of a criminal prosecution while § 656 should be applied to bar conviction once the prosecution has already been brought." (Note, *Conviction or Acquittal in a Federal Court as a Bar to State Prosecution; California Penal Code Section 656* (1957) 45 Cal.L.Rev. 197, fn. 7.)

Under this analysis, section 793 is applicable here as defendant seeks to bar the *institution* of a criminal prosecution. The parties expressly agree on this point. However, as the author of the note remarked, "there appears to be no legal significance in the different wording of § 656 and § 793." (45 Cal.L.Rev., at p. 197, fn. 7.) Sections 656 and 793, as well as Vehicle Code section 41400,[4] use similar terms and the parties have not suggested, nor are we able to discover, any reason to believe that one of the statutes was intended to provide greater protection than the other two. ■ Therefore, although we hold that section 793 rather than section 656 governs this case, it does not alter our conclusion that, being based on the same acts as the pending California charges, defendant's former conviction in Oregon for unauthorized use of a vehicle bars

---

[4]Section 41400 provides: "Whenever any person is charged with a violation of this code, it is a sufficient defense to such charge if it appears that in a criminal prosecution in another state or by the Federal Government, founded upon the *act or omission* in respect to which he is on trial, he has been convicted or acquitted." (Italics added.)

prosecuting him in this state for grand theft auto and unlawful driving or taking of a vehicle.

The order dismissing the information is affirmed.

Bird, C. J., Tobriner, J., Mosk. J., Richardson, J., Manuel, J., and Jefferson, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.