TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 85-802 |
| of | : | JUNE 23, 1986 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| JACK R. WINKLER<br>Deputy Attorney General | : | |

_____

THE HONORABLE ARLO SMITH, DISTRICT ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO, has requested an opinion on the following question:

May a person arrested for a misdemeanor pursuant to a warrant for his or her arrest be released on a promise to appear in court as provided in Penal Code section 853.6?

CONCLUSION

A person arrested for a misdemeanor pursuant to a warrant for his or her arrest may not be released on a promise to appear in court as provided in Penal Code section 853.6.

1

ANALYSIS

The procedures to be followed upon an arrest for traffic offenses are set forth in the Vehicle Code.  (§ 40300 et seq.)  The procedures to be followed upon an arrest for other offenses are set forth in the Penal Code. A review of the longstanding procedures on warrants, arrests and bail will provide the background into which the more recent citation procedures of section 853.6 have been set.

Section 1427[1] prescribes the procedure for issuing a warrant for the arrest of a person for a misdemeanor offense triable in a municipal or justice court.  Subdivision (a) provides that "[w]hen a complaint is presented to a judge of an inferior court of the commission of a public offense appearing to be triable in his court, he must, if satisfied therefrom that the offense complained of has been committed and that there is reasonable grounds to believe that the defendant has committed it, issue a warrant, for the arrest of the defendant."  Subdivision (b) provides the form such warrant may take.  It is addressed to "any peace officer in this state" and after reciting that a complaint under oath was presented to the judge stating that a named offense was committed and accusing the named defendant thereof, the warrant commands the arrest of the named defendant and to "bring him forthwith before the _____ court of (stating full title of court) at (naming place)." The warrant is issued over the signature of the judge and the seal of the court.

Section 815a provides:

"At the time of issuing a warrant of arrest, the magistrate shall fix the amount of bail which in his judgment in accordance with the provisions of section 1275 will be reasonable and sufficient for the appearance of the defendant following his arrest, if the offense is bailable, and said magistrate shall endorse upon said warrant a statement signed by him, with the name of his office, dated at the county, city or town where it is made to the following effect 'The defendant is to be admitted to bail in the sum of _____ dollars' (stating the amount)."

Section 848 provides:

"DUTY OF OFFICER ARRESTING WITH WARRANT.  An officer making an arrest, in obedience to a warrant, must proceed with the person arrested as commanded by the warrant, or as provided by law."

---

[1] Section references are to the Penal Code unless otherwise indicated.

85-802

A peace officer's statutory authority to make an arrest for a misdemeanor is set forth in section 836 as follows:

"A peace officer may make an arrest in obedience to a warrant, or may, . . . , without a warrant, arrest a person:

"1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence.

". . . . . . . . . . . . . . . . . . . . . ."

Section 849(a) provides:

"When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person shall be laid before such magistrate."

These traditional procedures are divided categorically into arrests with a warrant and arrests without a warrant. In warrant arrests a judge has determined probable cause for the arrest and fixed bail for the defendant before the arrest is made. On arrests without a warrant the officer is required to take the defendant before the judge and file a complaint so the judge may then determine probable cause and fix bail. The defendant is released from custody only after posting bail or dismissal of the case under these traditional procedures.

In 1959 the Legislature introduced a new citation procedure for arrests for state law misdemeanors by the enactment of sections 853.6, 853.7 and 853.8.[2] The new procedure provides for releasing a defendant arrested for a misdemeanor on his written promise to appear in court at the time and place stated in the notice to appear (the citation).

The question presented is whether the new citation procedures are applicable to arrests made pursuant to warrants. Research has revealed no reported judicial decisions addressing this question. Accordingly we must interpret section 853.6 making use of the rules of statutory construction used by the courts. The principal rules

---

[2] The current wording of sections 853.6, 853.7 and 853.8 is set forth in the Appendix.

3

were summarized in *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230, as follows:

> "We begin with the fundamental rule that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law.  In determining such intent the court turns first to the words themselves for the answer.  We are required to give effect to statutes according to the usual, ordinary import of the language employed in framing them.  If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose; a construction making some words surplusage is to be avoided.  When used in a statute words must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.  Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole."  (Citations and quotations omitted.)

The first sentence of section 853.6(a) indicates that the section applies "[i]n any case in which a person is arrested for . . . a misdemeanor. . . ." without any reference to warrants.  Taken alone the word "any" would appear to make the section apply to arrests with as well as those without a warrant.  However, when this language is read in context with other provisions of section 853.6 a serious question arises whether the legislature intended the section to apply to arrests made pursuant to warrants.

Subdivision (a) refers to release of the arrested person on a notice to appear in court "instead of being taken before a magistrate."  This refers to the section 849(a) requirement that a person arrested without a warrant be taken before the nearest or most accessible magistrate in the county in which the offense is triable."  The magistrate language is not used for an arrest pursuant to a warrant which commands that the defendant be taken before a named court.  Similar "magistrate" language is used in subdivision (c) of section 853.6 again suggesting that the section was applicable only to arrests made without a warrant.

Subdivision (e) of section 853.6 provides that when the notice to appear is filed with the magistrate, the magistrate will then fix bail and endorse the amount of bail on the notice to appear in the form specified in section 815a.  This language contemplates that the notice to appear follows an arrest without a warrant where there is a need to fix bail, not to an arrest pursuant to a warrant upon which bail has been endorsed as required by section 815a.

4

Subdivision (f) of section 853.6 provides that "[n]o warrant shall issue on such charge for the arrest of a person who has given such written promise to appear in court, . . . ."  Again, this language contemplates an arrest made without a warrant and is meaningless with respect to an arrest made pursuant to a warrant.

When the "in any case" language of subdivision (a) of section 853.6 is read in context with the provisions just mentioned, the words become ambiguous.  The context indicates that they refer to any case of a misdemeanor arrest without a warrant while the literal meaning of the first sentence would apply to any case of a misdemeanor arrest, with or without a warrant.  The courts will disregard the literal meaning of the language of a statute, where, in light of the statute's legislative history, this is necessary to give effect to the manifest purpose of the statute as it appears from its provisions considered as a whole.  (*Silver* v. *Brown* (1966) 63 Cal.2d 841, 845; *County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 849, fn. 6.)

To ascertain whether the Legislature intended section 853.6 to apply to warrant arrests, we have examined the legislative history of the section.  The section was patterned after the traffic citation procedures found in the Vehicle Code.  (34 State Bar Journal 712, 714.)  More specifically, section 739 of the Vehicle Code as it read before 1959, appears to have been the model for section 853.6 as it was first enacted in 1959. The original section 853.6 was composed of six subdivisions designated (a) through (f). Vehicle Code section 739 (as it read before Chapter 2011, Statutes of 1957 added a new subdivision) also contained six subdivisions designated (a) through (f) whose subject matter corresponded with those in section 853.6.  Both sections provided for similar citation procedures.  Subdivision (a) provided for the preparation of a notice to appear in court on the arrest of a person for certain misdemeanors. Subdivision (b) provided for the time to appear and subdivision (c) for the place to appear for the violation. Subdivision (d) provided for a promise to appear and subdivision (e) required copies of the notice to appear to be filed with the court.  Subdivision (f) provided that no warrant would issue for one who had given a written promise to appear.

Since section 853.6 was patterned after Vehicle Code section 739, we look to the Vehicle Code provisions to determine their application to arrests made pursuant to war- rants.  In 1959 Vehicle Code section 743.5 provided:

"The foregoing provisions of this chapter shall govern all peace officers in making arrests for violations of this code *without a warrant* for offenses committed in their presence but the procedure prescribed herein shall not otherwise be exclusive of any other method prescribed by law for the arrest and prosecution of a person for an offense of like grade." (Emphasis added.)

5

This provision was in the Vehicle Code when it was first codified in 1935 and is now contained in section 40300 of the current Vehicle Code. Thus, it is clear that the Vehicle Code citation procedures from which section 853.6 was patterned were and are not applicable to arrests made pursuant to warrants. This is so in spite of the fact that Vehicle Code section 739 stated that it applied "[w]henever a person is arrested for *any* violation of this code . . . ." (emphasis added) without any reference to warrants.

Another important consideration in the construction of section 853.6 is to determine the effect of alternative constructions on other provisions of the law. To ascertain legislative intent, the courts construe a statute with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. (*People* v. *Comingore* (1977) 20 Cal.3d 142, 147.)

We have quoted section 849a (*supra*) which requires a magistrate who issues a warrant of arrest for a misdemeanor to endorse the amount of bail on the warrant. Section 1269a provides:

"Except as otherwise provided by law, no defendant charged in a warrant of arrest with any public offense shall be discharged from custody upon bail except upon a written order of a competent court or magistrate admitting the defendant to bail in the amount specified in the indorsement referred to in Section 815a, and where an undertaking is furnished, upon a written order of such court or magistrate approving the undertaking. All such orders must be signed by such court or magistrate and delivered to the officer having custody of the defendant before the defendant is released. Any officer releasing any defendant upon bail otherwise than as herein provided shall be guilty of a misdemeanor."

Section 1270 provides that any court which may release a defendant upon bail may also order the release of the defendant on his own recognizance provided the defendant signs an agreement to appear in court as required by section 1318.

If section 853.6 is construed to apply to warrant arrests, the release of the defendant upon his promise to appear as provided in that section would render the court's bail determination meaningless and usurp the court's function of determining whether the defendant should be released without bail on his own recognizance upon his agreement to appear in court. The effect of such construction is to recognize two independent procedures for the release of a person arrested on a misdemeanor warrant which are inconsistent with one another. It would mean that police officers could release a person arrested on a misdemeanor warrant upon the defendant's promise to appear in the face of

6

a formal court order in the warrant to take the defendant before the court if he does not post bail in the sum fixed by the court and endorsed on the warrant.

On the other hand construing section 836.5 to apply only to arrests made without a warrant would not conflict with the bail statutes because there would be no judicial bail determinations made before the defendant is released on his promise to appear. We conclude that section 853.6 is best harmonized with the bail statutes by construing the section inapplicable to warrant arrests.

Disharmony with Vehicle Code citation procedures would also occur if section 853.6 were construed to apply to warrant arrests. We have already pointed out that Vehicle Code section 40300 limits the citation procedures in that code to arrests made without a warrant. To apply section 853.6 to warrant arrests would produce some incongruous results. A person arrested upon a warrant for a non-Vehicle Code misdemeanor could be released on his promise to appear, but a person arrested on a warrant for a Vehicle Code misdemeanor could not.

We believe that the Legislature intended section 853.6 to apply to misdemeanor arrests without a warrant but not to arrests made pursuant to a warrant for three basic reasons. First, the language of the section when read in its entirety indicates that its application to warrant arrests was not contemplated. Second, the legislative history of section 853.6 indicates it was patterned after the Vehicle Code citation procedures which did not apply to warrant arrests. Third, applying section 853.6 to warrant arrests would conflict with the statutes on bail and be inconsistent with parallel citation procedures in the Vehicle Code.

We conclude that a person arrested for a misdemeanor pursuant to a warrant for his or her arrest may not be released on a promise to appear in court as provided in section 853.6.[3]

*****

---

[3] The unpublished opinion No. CR 77/6 I.L. issued by this office on April 11, 1977, reaching a contrary conclusion is disapproved.

APPENDIX

Section 853:6:

(a)  In any case which a person is arrested for an offense declared to be a misdemeanor, including violation of any city or county ordinance, and does not demand to be taken before a magistrate, that person shall, instead of being taken before a magistrate, be released according to the procedures set forth by this chapter.  If the person is released, the officer or superior shall prepare in duplicate a written notice to appear in court, containing the name and address of the person, the offense charged, and the time and place where and when the person shall appear in court.  If, pursuant to subdivision (i), the person is not released prior to being booked and the officer in charge of the booking or his or her superior determines that the person should be released, the officer or superior shall prepare a written notice to appear in court.

(b)  Unless waived by the person, the time specified in the notice to appear must be at least 10 days after arrest if the duplicate notice is to be filed by the officer with the magistrate.

(c)  The place specified in the notice shall be the court of the magistrate before whom the person would be taken if the requirement of taking an arrested person before a magistrate were complied with, or shall be an officer authorized by that court to receive a deposit of bail.

(d)  The officer shall deliver one copy of the notice to appear to the arrested person, and the arrested person, in order to secure release, shall give his or her written promise so to appear in court by signing the duplicate notice which shall be retained by the officer.  Thereupon the arresting officer shall immediately release the person arrested from custody.

(e)  The officer shall, as soon as practicable, file the duplicate notice, as follows:

(1)  It shall be filed with the magistrate if the offense charged is an infraction.

(2)  It shall be field with the magistrate if the prosecuting attorney has previously directed the officer to do so.

(3)  The duplicate notice and underlying police reports in support of the charge or charges shall be filed with the prosecuting attorney in cases other than those

8

specified in paragraphs (1) and (2).

If the duplicate notice is filed with the prosecuting attorney, he or she, within his or her discretion, may initiate prosecution by filing the notice or a formal complaint with the magistrate specified therein within 25 days from the time of arrest. If the prosecution is not to be initiated, the prosecutor shall send notice to the person arrested at the address on the notice to appear. The failure by the prosecutor to file the notice or formal complaint within 25 days of the time of the arrest shall not bar further prosecution of the misdemeanor charged in the notice to appear, however, any further prosecution shall be preceded by a new and separate citation or an arrest warrant.

Upon the filing of the notice with the magistrate by the officer, or the filing of the notice of formal complaint by the prosecutor, the magistrate may fix the amount of bail which in his or her judgment, in accordance with the provisions of section 12757, will be reasonable and sufficient for the appearance of the defendant and shall indorse upon the notice a statement signed by him or her in the form set forth in section 815a. The defendant may, prior to the date upon which he or she promised to appear in court, deposit with the magistrate the amount of bail thus set. Thereafter, at the time when the case is called for arraignment before the magistrate, if the defendant shall not appear, either in person or by counsel, the magistrate may declare the bail forfeited, and may in his or her discretion order that no further proceedings shall be had in such case, unless the defendant has been charged with violation of section 374b or 374e of this code or of section 11357, 11360, or 13002 of the Health and Safety Code, or a violation punishable under section 5008.7 of the Public Resources Code, and he or she has previously been convicted of a violation of that section or a violation which is punishable under that section, except in cases where the magistrate finds that undue hardship will be imposed upon the defendant by requiring him or her to appear, the magistrate may declare the bail forfeited and order that no further proceedings shall be had in such case.

Upon the making of such order that no further proceedings be had, all sums deposited as bail shall forthwith be paid into the county treasury for distribution pursuant to section 1463.

(f) No warrant shall issue on such charge for the arrest of a person who has given such a written promise to appear in court, unless and until he or she has violated that promise or has failed to deposit bail, to appear for arraignment, trial or judgment, or to comply with the terms and provisions of the judgment, as required by law.

(g) The officer may either book the arrested person, as defined in subdivision 21 of section 7, proper to release or indicate on the citation that the arrested person shall be booked. In the event it is indicated on the citation that the arrested person

shall be booked, the magistrate shall, before the proceedings are finally concluded, order the defendant to be booked by the arresting agency.

(h) A peace officer shall use the written notice to appear procedure set forth in this section for any misdemeanor offense in which the officer has arrested a person without a warrant pursuant to section 836 or in which he or she has taken custody of a person pursuant to section 847.

(i) Whenever any person is arrested by a peace officer for a misdemeanor, that person shall be released according to the procedures set forth by this chapter unless one of the following is a reason for nonrelease, in which case the arresting officer may release the person, or the arresting officer shall indicate, on a form to be established by his or her employing law enforcement agency, which of the following was a reason for the nonrelease:

(1) The person arrested was so intoxicated that he or she could have been a danger to itself or herself or to others.

(2) The person arrested required medical examination or medical care or was otherwise unable to care for his or her own safety.

(3) The person was arrested under one or more of the circumstances listed in Section 40302 and 40303 of the Vehicle Code.

(4) There were one or more outstanding arrest warrants for the person.

(5) The person could not provide satisfactory evidence of personal identification.

(6) The prosecution of the offense or offenses for which the person was arrested or the prosecution of any other offense or offenses would be jeopardized by immediate release of the person arrested.

(7) There was a reasonable likelihood that the offense or offenses would continue or resume, or that the safety of persons or property would be imminently endangered by release of the person arrested.

(8) The person arrested demanded to be taken before a magistrate or refused to sign the notice to appear.

(9) There is reason to believe that the person would not appear at the time

85-802

and place specified in the notice. The basis for this determination shall be specifically stated.

The form shall be filed with the arresting agency as soon as practicable and shall be made available to any party having custody of the arrested person, subsequent to the arresting officer, and to any person authorized by law to release him or her for (sic) custody before trial.

Section 853.7:

Any person who willfully violates his written promise to appear in court is guilty of a misdemeanor, regardless of the disposition of the charge upon which he was originally arrested.

Section 853.8:

When a person signs a written promise to appear at the time and place specified in the written promise to appear and has not posted bail as provided in section 853.6, the magistrate shall issue and have delivered for execution a warrant for his arrest within twenty (20) days after his failure to appear as promised.