[No. B016829. Second Dist., Div. One. Apr. 7, 1987.]

SOUTHERN CALIFORNIA WHITE TRUCKS et al., Cross-
complainants and Appellants, v.
VICTOR TERESINSKI et al., Cross-defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, part II is not certified for publication.

COUNSEL

Koslov & Ramsey, Koslov, Erickson & Cady, John Koslov, Eric J. Erickson, Janel Tritch, Schramm & Raddue, John W. Warnock and Paul J. McMenamin, for Cross-complainants and Appellants.

King & Williams and Barbara Kekich for Cross-defendants and Respondents.

OPINION

**SPENCER, P. J.—**

INTRODUCTION

Southern California White Trucks and White Motor Corporation appeal from an order dismissing their cross-complaints against respondents.[1]

STATEMENT OF FACTS

 This action arose out of an automobile collision in which plaintiff, Ronna Miller, was seriously injured. Plaintiff was a passenger in a friend's Ford Mustang automobile. The friend, who had been drinking,

---

[1]An order of dismissal is appealable under Code of Civil Procedure section 904.1 where, as here, it finally disposes of the action. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732].)

took part in a drag race against another vehicle; at the end of the race, the Mustang collided with a garbage truck.

Plaintiff brought suit against Southern California White Trucks, the retailer of the garbage truck; White Motor Corporation, manufacturer of the truck cab and chassis; Maxon Industries, Inc., which fabricated the garbage truck; Vic's Auto Sales, the seller of the Mustang; and other defendants. Southern California White Trucks and White Motor Corporation cross-complained against Vic's Auto Sales for equitable comparative contribution, partial indemnity, total equitable indemnity and declaratory relief.

Prior to trial, plaintiff settled with all defendants except Southern California White Trucks, White Motor Corporation and Vic's Auto Sales. White Motor Corporation obtained a summary judgment and was dismissed from the action. Southern California White Trucks then settled with plaintiff.

Trial proceeded against Vic's Auto Sales alone. The jury returned a special verdict against Vic's Auto Sales. A "partial" judgment on the verdict provided for credit for the previous settlements, the amount of which was, at that time, unknown; Maxon Industries, Inc. was in the midst of bankruptcy proceedings and the amount of its payment to plaintiff remained to be determined.

Plaintiff and Vic's Auto Sales entered into a settlement agreement, conditioned on a stipulation that the judgment be vacated. Pursuant to the stipulation, Judge Robert M. Mallano vacated the judgment.

Vic's Auto Sales then moved for a determination its settlement was in good faith within the meaning of Code of Civil Procedure sections 877 and 877.6 (hereafter sections 877 and 877.6). Following a hearing, Judge Mallano found the settlement to be in good faith within the meaning of sections 877 and 877.6 and, accordingly, ordered the cross-complaints by Southern California White Trucks and White Motors Corporation dismissed. The written order, signed by Judge Morio L. Fukuto, also denies White Motor Corporation's request to vacate the previous order vacating the judgment.

CONTENTIONS

I

Appellants contend the trial court erred in dismissing their cross-complaints, in that respondents' settlement with plaintiff was entered into after the verdict and judgment; therefore, section 877.6 does not bar the cross-complaints for indemnity against respondents.

## II

Respondents assert this appeal is frivolous, in that the previous denial of appellants' petitions for writs of mandate in the matter show the appeal is without merit.

## DISCUSSION

## I

Appellants contend the trial court erred in dismissing their cross-complaints, in that respondents' settlement with plaintiff was entered into after the verdict and judgment; therefore, section 877.6 does not bar the cross-complaints for indemnity against respondents. We agree.

At issue here are sections 877 and 877.6. Section 877 provides: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—

"(a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater; and

"(b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors."

Section 877.6 provides in pertinent part: "(a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors, upon giving notice thereof . . . . Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue to be made before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.

"...........................

"(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

"...........................

■ Prior to the enactment of section 877 in 1957, the common law provided no right to contribution among joint tortfeasors; one joint tortfeasor could be forced to pay an entire damage claim without the right to recover from the others their pro rata share of the claim. (*Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488 ; 493; 494, fn. 3 [213 Cal.Rptr. 256, 698 P.2d 159].) Additionally, there was only one compensation allowed for a joint wrong; release of one joint tortfeasor released the others, so settlement by one satisfied the claims against all. (*Id.,* at p. 493.) This created a strong disincentive for settlement. (*Ibid.*)

Section 877 was enacted to ameliorate the harshness of the above rules. (*Id.,* at pp. 493-494.) Its goals were " 'first, equitable sharing of costs among the parties at fault, and second, encouragement of settlements.' " (*Id.,* at p. 494, quoting from *River Garden Farms, Inc.* v. *Superior Court* (1972) 26 Cal.App.3d 986, 993 [103 Cal.Rptr. 498].)

However, section 877 applied only to claims for contribution where a money judgment was rendered jointly against the tortfeasors. (*Tech-Bilt, Inc., supra,* 38 Cal.3d at pp. 495, 496.) In *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], the court articulated a theory of partial indemnity which applied to all multiple tortfeasors, not only those held jointly liable, under which a multiple tortfeasor was permitted to obtain partial indemnification from the other tortfeasors on the basis of comparative fault. (*Tech-Bilt, Inc., supra,* at p. 495.) The rule of *American Motorcycle Assn.* was codified by the Legislature in 1980 with the enactment of section 877.6. (*Id.,* at p. 496.)

The questions raised with respect to the foregoing code sections are first, whether section 877 applies only to settlements entered into before verdict or judgment and the meaning of the phrase "before verdict or judgment." Second, whether section 877.6 also applies only to settlements reached before verdict or judgment, even though that requirement is not specified in the statute.

■ *Halpin* v. *Superior Court* (1971) 14 Cal.App.3d 530 [92 Cal.Rptr. 329], examining section 877, states: "the following conclusions inevitably flow from the legislative language [of section 877, which applies to 'one or more of a number of tortfeasors claimed to be liable for the same tort']: that after a determination of joint tortfeasor liability no defendant is one against whom there is a mere 'claim of liability.' Liability has become established. Secondly, the words of the section 'before verdict or judgment' must be construed to mean: 'before establishment of liability,' with 'verdict' equated with such liability determination. A settlement between the plaintiff and a tortfeasor whose joint liability has been established is not one within the meaning of that section, and thus cannot effectively deprive the remaining tortfeasors of their rights to contribution." (At p. 543.) If the statute were to be interpreted otherwise, once joint liability was established at trial there would be a "mad rush" by one or more of the joint tortfeasors to settle and obtain a release in order to thwart the other joint tortfeasors' rights of contribution. (*Ibid.*) This also would thwart the goal of section 877 to efficiently dispose of litigation (*ibid.*); the settlements would not serve to prevent complex multiparty litigation.

In *Halpin,* the court dealt with a bifurcated trial situation where liability, but not damages, had been established. The court concluded section 877 applied in that situation only to those defendants who had reached settlements beforehand. (*Id.,* at pp. 543, 544.)

■ *Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231 [132 Cal.Rptr. 843] is in agreement. "Section 877's intent is clear. Where an alleged joint tortfeasor, prior to a judicial determination of his liability, in good faith settles the claim against him, he is forever discharged of further obligation to the claimant, and to his joint tortfeasors, by way of contribution or otherwise. [Citations.]" (At p. 235.) *Stambaugh* adds, the goal of section 877 is to encourage settlement and compromise and to discourage litigation. (*Id.,* at pp. 235-236.)

Respondent cites *Thomas* v. *General Motors Corp.* (1970) 13 Cal.App.3d 81 [91 Cal.Rptr. 301] for the proposition section 877 applies to settlements reached pending appeal, before final judgment in the case, but after the establishment of liability. There is one case which interprets *Thomas* in this manner, *Krusi* v. *Bear, Stearns & Co.* (1983) 144 Cal.App.3d 664, 673 , footnote 10 [192 Cal.Rptr. 793]. In our view, *Thomas* cannot be held to stand for this proposition.

In *Thomas,* plaintiff sued multiple defendants; a jury awarded damages against only one of the defendants and a judgment was entered accordingly. Pending her appeal, plaintiff settled with the defendant against whom the

judgment was entered and a second defendant; with court approval, she executed a covenant not to sue them. The remaining defendants asserted plaintiff, having accepted the benefits of the judgment, was barred from seeking further relief; section 877 was inapplicable, in that the settlement was entered into after judgment. Plaintiff argued section 877 did not prevent her appeal.

■ The court stated: "Except as modified by section 877, the former law still applies, and a release of one joint tortfeasor is a release of all. . . . [However, a] covenant not to sue one of several joint tortfeasors does not operate as a release of the others . . . , and it makes no difference under the law existing prior to the enactment of section 877 of the Code of Civil Procedure whether the covenant is executed before or after the judgment. . . . While the distinction between a release and a covenant not to sue is highly artificial . . . , a covenant not to sue is a valid method of avoiding the effect of the release doctrine by employing different language. . . . [¶] In view of the strong policy favoring settlement rather than litigation and the harshness of the release doctrine governing joint tortfeasors, the use of the covenant not to sue should be extended to cases involving multiple defendants even after judgment has been rendered in the trial court and an appeal has been filed." (13 Cal.App.3d at p. 86, citations omitted.) The court concluded plaintiff was entitled to pursue her appeal and, in the event of retrial and judgment against the nonsettling defendants, they would be entitled to a setoff. (*Id.,* at pp. 86-87.)

While the basis of the opinion is not clear, its language suggests the court applied the common law existing prior to the enactment of section 877 which, in the court's view continued to apply where not preempted by that code section. The case does not specifically hold section 877 applies to settlements executed after verdict or judgment. Moreover, the language of section 877 precludes such a holding.

Section 877 itself clearly states it applies where a settlement or other agreement is given "before verdict or judgment." The rules of statutory construction indicate these words are to be given their plain meaning. ■ The goal of the court is to effectuate the intent of the Legislature which, in the first case, is derived from the words of the statute themselves. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ Where the language of the statute is clear and unambiguous, and its meaning plain, there is no need for any statutory construction. (*Golden* v. *City of Oakland* (1975) 49 Cal.App.3d 284, 288 [122 Cal.Rptr. 400].) Only where the statute is ambiguous or uncertain is construction necessary. (*Ibid.*) Words used must be given their usual, ordinary meanings. (*Moyer, supra,* at p. 230.)

■ There is nothing uncertain or ambiguous about "before." It means earlier than or in advance of. (Webster's New Collegiate Dictionary (1979) p. 99.) "Verdict" and "judgment" would appear to be equally unambiguous in meaning. A verdict is the "formal . . . decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court (and accepted by it), upon the matters or questions duly submitted to them upon the trial." (Black's Law Dict. (rev. 4th ed. 1968) p. 1730.) A judgment is the "official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." (*Id.,* at p. 977.)

Respondents argue, however: "In light of the strong legislative policy behind Section 877 favoring settlements, it rationally follows that 'verdict' in the context of Section 877 must have been meant by the legislature [*sic*] to embody certain notions of finality." Inasmuch as a jury verdict is not final "until the trial court judge accepts it," i.e., until all postverdict challenges have been rejected, "allowing parties to enter into an agreement after a verdict and before final judgment, would be to promote an end to litigation in a particular matter; a key policy underlying sections 877 and 877.6. [¶] This may well have been the legislature's [*sic*] intent in inserting the disjunctive 'or' between the terms 'verdict' and 'judgment.' Thus entrusting the applicability of either term to the trial court's discretion."

Respondents also point out Code of Civil Procedure section 577 provides: "A judgment is the final determination of the rights of the parties in an action or proceeding." Thus, respondents assert, there is no final determination while an appeal is pending and, since the goal of section 877 is to avoid further litigation, "judgment" as used in section 877 must mean final judgment on appeal.

If "verdict" is construed to mean a verdict made final by the trial court's acceptance of it, then it is essentially synonymous with "judgment." In the context of "verdict or judgment," "verdict" would become meaningless. ■ Words are to be construed in the context in which they appear; interpretations which render some words surplusage or deprive them of any significance are to be avoided. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]; *Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 230.) ■ Consequently, "verdict" must be construed to mean the verdict rendered by the jury establishing the parties' liabilities, not the trial court's subsequent acceptance of that verdict through its own actions.

Moreover, the foregoing interpretation is consistent with the use of the disjunctive "or." Establishment of liability is either by verdict or judgment,

depending upon whether trial is by jury or by the court; at that point settlement is no longer covered by section 877.

While "judgment" is defined by section 577 as "the final determination of the rights of the parties in an action or proceeding," the term is "meaningless unless qualified by context, i.e., a judgment may be final, but modifiable at the trial level, or final for the purpose of appeal." (*Civic Western Corp.* v. *Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 12 [135 Cal.Rptr. 915].) The finality of the judgment is determined by the circumstances present at the time it is entered; it is not determined on the basis of hindsight after further proceedings have established it did or did not provide the proper relief to the parties. (*Id.*, at pp. 12-13.) Thus, the judgment of the trial court is a "judgment" within the meaning of section 577 (see *Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1193 [213 Cal.Rptr. 790]); the possibility of further challenge does not render it any less a "judgment."

The foregoing construction of "verdict" and "judgment" is consistent with *Halpin*'s holding that "before verdict or judgment" means "before establishment of liability." (14 Cal.App.3d at p. 543.) We agree with *Halpin* and hold section 877 applies only to settlements reached before liability is established by jury verdict or by judgment. The question remains whether the application of section 877.6 is similarly limited to settlements entered into "before verdict or judgment," even though that phrase does not appear in section 877.6.

*Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates, supra,* 38 Cal.3d 488, assists in our inquiry, although the issue there was whether a settlement was entered into in good faith. After reviewing the history of sections 877 and 877.6, the court observes section 877.6 now provides a section 877 settlement bars claims for partial or comparative indemnity in addition to those for contribution. (At p. 496.) This statement reveals an underlying assumption that a "settlement" under section 877.6 is that which is defined in section 877: "a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment . . . given in good faith *before verdict or judgment* to one or more of a number of tortfeasors claimed to be liable for the same tort . . . ." (Italics added.) This assumption is again revealed when the court, in discussing the effect of its decision on the willingness of the parties to settle, states: "[W]e perceive no practical problem with respect to the finality of settlements. Under the procedure prescribed by section 877.6, the good faith of a settlement *will be determined before trial.* . . ." (*Id.*, at p. 500, fn. 8, italics added.) The court ultimately holds "good faith" has the same meaning in both sections 877 and 877.6 and it defines the term. (*Id.*, at pp. 496, 498.)

Public policy being to encourage settlement and avoid litigation (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at p. 603; *Stambaugh* v. *Superior Court, supra,* 62 Cal.App.3d at pp. 235-236), it would make sense that the Legislature intended to effect this policy in the same way through sections 877 and 877.6 by barring claims for contribution or indemnity only against those joint tortfeasors who settled prior to verdict or judgment. This conclusion is borne out by construction of the statute.

■■■ Parts of a statutory enactment must be construed in the context of their statutory framework as a whole. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 230.) Thus, "[a] statute should be interpreted with reference to the whole system of law of which it is a part." (*People* v. *Comingore* (1977) 20 Cal.3d 142, 147 [141 Cal.Rptr. 542, 570 P.2d 723].) ■■■ Sections 877 and 877.6 are both part of chapter 1—"Releases From and Contribution Among Joint Tortfeasors"—of title 11 of the Code of Civil Procedure. Section 877 describes the effect of a good faith settlement given before verdict or judgment upon a joint tortfeasor. Section 877.6 provides the method for determining whether a settlement is made in good faith (subds. (a), (b), (d), (e)) and the further effects of a good faith settlement upon a claim for partial indemnity (subd. (c)). The logical conclusion is that section 877.6 complements section 877, describing the procedure by which it is to be determined if a section 877 settlement was made in good faith and the effects of a section 877 settlement upon a claim for partial indemnity. As noted in *Singer Co.* v. *Superior Court* (1986) 179 Cal.App.3d 875, 889 [225 Cal.Rptr. 159], section 877.6 was enacted in part to implement section 877.

Pointing to this conclusion is the provision in subdivision (a) of section 877.6 for the hearing on good faith to be held before trial or, if trial has commenced, before "verdict or judgment"; this requirement is necessary if a section 877 settlement is at issue. Additionally, subdivision (a) refers to "alleged" joint tortfeasors. They are only alleged to be joint tortfeasors prior to verdict or judgment; this language again suggests the section refers to a settlement made "before verdict or judgment." (See *Halpin* v. *Superior Court, supra,* 14 Cal.App.3d at p. 543.)

Moreover, section 877.6 refers only to a "settlement," whereas section 877 refers to a "release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment." Again, if section 877 describes the settlement and section 877.6 implements section 877, the use of the more general language in section 877.6 makes sense; it is not necessary to redefine the type of settlement addressed in the chapter.

Respondents assert, however, if the Legislature had intended section 877.6 to apply only to a settlement entered into "before verdict or judgment," it

would have used that term in the statute. "It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded." (*Ford Motor Co. v. County of Tulare* (1983) 145 Cal.App.3d 688, 691 [193 Cal.Rptr. 511].) According to this rule, the Legislature's failure to specify in section 877.6 that settlements must be entered into before verdict or judgment precludes this court from implying that condition in the statute. However, in view of the previous conclusion that section 877.6 implements section 877 and therefore does not need to redefine the type of settlement to which it applies, we must conclude section 877.6 does refer to a section 877 settlement, one which was "given in good faith *before verdict or judgment.*" (Italics added.)

 Respondents assert, in any event, the instant settlement was entered into before the verdict or judgment, in that the judgment had been vacated prior to the settlement agreement. Appellants counter with the contention the trial court lacked authority to vacate the judgment; therefore, the verdict and judgment preceded the settlement agreement and section 877.6 does not apply to bar their cross-complaints for partial indemnity against respondents.

The judgment in the instant case was entered on April 12, 1985. On June 11 and 12, 1985, plaintiff and respondents entered into their settlement, a condition of which was the vacation of the judgment. They filed a stipulation as to their agreement to vacate the judgment with the court and the court ordered the judgment vacated on June 19. These facts on their face show the settlement was not reached "before verdict or judgment." Moreover, as we will discuss, the trial court erred in vacating the judgment; hence, respondents' assertion is without merit.

In *County of Inyo v. City of Los Angeles* (1984) 160 Cal.App.3d 1178 [207 Cal.Rptr. 425], the parties agreed to a stipulation that the Court of Appeal vacate its prior judgment; the court held this could not be done by consent of the parties. (At p. 1183.) "In general, '[r]elief from a judgment must be obtained by means of a motion for that purpose in the court that rendered the judgment ....' (Rest. 2d Judgments, § 78.) In California, a court may set aside a judgment only on motion for statutory grounds or to correct its records. (See *Olivera v. Grace* (1942) 19 Cal.2d 570, 573-574 ....) The statutory grounds are found in Code of Civil Procedure sections 473 and 663." (160 Cal.App.3d at p. 1183.) Even consent to vacate cannot give the court the power to act where such power is not otherwise provided. (*Id.,* at pp. 1183-1184.)

*Olivera* notes the courts' power to control their own judgments is statutory. (19 Cal.2d at p. 573.) Apart from statutory authority, the courts have the

inherent power to correct clerical errors in their judgments or to vacate void judgments. (*Id.,* at p. 574.) Thus, for example, once a judgment becomes final, a trial court is without jurisdiction to modify it, even with the consent or by stipulation of the parties. (*Grant* v. *Superior Court* (1963) 214 Cal.App.2d 15, 20-22 [29 Cal.Rptr. 125].) Inasmuch as the trial court here had no statutory grounds for vacating its judgment, the court was not correcting a clerical error and the judgment was not void, the court had no jurisdiction to order the judgment vacated. Hence, the court also erred in denying appellant White Motor Corporation's motion to vacate the order vacating the judgment.

 Respondents also assert, inasmuch as only a "partial" judgment had been entered at the time of settlement, and there was no "final determination" of the rights of the parties, the settlement fell within section 877.6. However, the judgment was only "partial" in the sense that it did not finally determine the amount of the setoff against the damages awarded against respondents. The prior jury verdict was the final determination of respondents' liability for plaintiff's injuries. The settlement having been reached after the verdict, it did not meet the requirement of section 877.6 that the settlement be given before *verdict* or judgment. (See *Halpin* v. *Superior Court, supra,* 14 Cal.App.3d at p. 543.)

II*

. . . . . . . . . . . . . . . . . .

The order is reversed, and the trial court is ordered to vacate its June 19, 1985 order vacating the judgment. Appellants are awarded costs on appeal.

Hanson (Thaxton), J., and Devich, J., concurred.

A petition for a rehearing was denied May 4, 1987, and the petition of respondent Victor Teresinski for review by the Supreme Court was denied June 24, 1987.

---

*See footnote at page 1393, *ante.*