KENNARD, J., Dissenting.
Following a bizarre plot hatched in Las Vegas, Nevada, defendant and five others (two of them sons of the victims) carried out the September 1985 murders of Vera and Gerald Woodman in Los Angeles, California. In a federal prosecution against defendant based on these killings, a jury in January 1991 convicted him of murder for hire, for which he was sentenced to life imprisonment.[1] Thereafter, in October 1991, defendant unsuccessfully requested the Los Angeles County Superior Court to dismiss the murder charges then pending against him in this case. Defendant asserted that Penal Code section 656’s prohibition against double jeopardy precluded the California prosecution because it was founded upon the same act (the Woodman murders) that was the basis of his earlier conviction in federal court. (Further undesignated statutory references are to the Penal Code.)
The majority upholds the trial court’s rejection of defendant’s claim, and it affirms defendant’s capital murder convictions. I disagree and would reverse the trial court’s judgment.
In the section that follows, I briefly discuss the double jeopardy clause of the Fifth Amendment to the United States Constitution and then California’s statutory double jeopardy provision, which affords greater protection than that contained in the Fifth Amendment. Thereafter, in part II, I apply the California statute to this case.
*906 I
The federal Constitution’s Fifth Amendment, adopted in 1791, prohibits placing a criminal defendant “twice . . . in jeopardy” for the same crime. (U.S. Const., 5th Amend.) This clause “ ‘ “protects against a second prosecution for the same offense after acquittal” ’ ” as well as “ ‘ “after conviction.” ’ ” (Ohio v. Johnson (1984) 467 U.S. 493, 498 [81 L.Ed.2d 425, 104 S.Ct. 2536].) As the high court has explained, the bar against double jeopardy seeks to ensure that the government “does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of,” among other things, “an impermissibly enhanced sentence.” (Id. at pp. 498-499.) But federal law does not preclude successive prosecutions for the same criminal conduct when brought by this nation’s separate sovereigns, namely, the United States government and a state’s government. (Abbate v. United States (1959) 359 U.S. 187, 194-195 [3 L.Ed.2d 729, 79 S.Ct. 666]; Bartkus v. Illinois (1959) 359 U.S. 121, 136 [3 L.Ed.2d 684, 79 S.Ct. 676]; see Department of Revenue of Mont. v. Kurth Ranch (1994) 511 U.S. 767, 783, fn. 22 [128 L.Ed.2d 767, 114 S.Ct. 1937] [the federal Constitution “does not prohibit successive prosecutions by different sovereigns”].) Any state is free, however, to craft its own law expanding double jeopardy protections beyond those afforded by the federal Constitution. (People v. Comingore (1977) 20 Cal.3d 142, 145 [141 Cal.Rptr. 542, 570 P.2d 723] (Comingore); People v. Belcher (1974) 11 Cal.3d 91, 97 [113 Cal.Rptr. 1, 520 P.2d 385] (Belcher)) California did so in 1872 by a legislative enactment that precludes successive prosecutions by different sovereigns, and that is still the law today.
The California statute at issue, section 656, provides: “Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of the United States, or of another state . . . based upon the act or omission in respect to which he ... is on trial, he . . . has been acquitted or convicted, it is a sufficient defense.” On point here are two decisions by this court.
In Belcher, this court held in 1974 that after a federal court acquittal for assaulting a federal officer in California, the State of California’s prosecution of the defendant for the same assault on the same person violated section 656’s double jeopardy prohibition. (Belcher, supra, 11 Cal.3d at p. 99.) And three years later, in Comingore, this court held that a “joyriding” conviction in the State of Oregon based on the defendant’s unlawful taking of a car in California and driving it to Oregon barred California from thereafter charging the defendant with theft and unlawful driving of a vehicle, as that was the same criminal conduct involved in the Oregon prosecution. (Comingore, supra, 20 Cal.3d at pp. 144, 148-149.)
*907 As construed by this court, the essence of California’s statutory double jeopardy prohibition is this: A California prosecution is barred if “all the acts constituting the offense in this state were necessary to prove the offense in the prior [federal or out-of-state] prosecution . . .” (Belcher, supra, 11 Cal.3d at p. 99); but if the California crime “involves an element not present in the prior prosecution,” a California prosecution is not barred {ibid..).
With this statutory background in mind, I now turn to this case.
II
Defendant’s murder-for-hire conviction in federal court for the killings of Vera and Gerald Woodman came after a federal indictment alleging that he had “travel [ed] in interstate commerce” between Nevada and California, with the intent to commit murder “in violation of the Penal Code of California” for “the receipt ... of money” and “resulting]” in “the deaths of Vera and Gerald Woodman.” After that federal conviction, the Los Angeles County District Attorney prosecuted defendant for the same two murders. Defendant contends, as he did in the trial court, that because he had aheady been convicted in federal court for killing the Woodmans, the California prosecution violated section 656’s double jeopardy prohibition. I agree.
The majority, however, rejects defendant’s claim, because, unlike the preceding murder-for-hire federal prosecution, the California murder charges against defendant included a lying-in-wait special-circumstance allegation (§ 190.2, subd. (a)(15)). (Maj. opn., ante, at p. 844.) The majority is wrong: The California prosecution’s allegation of a lying-in-wait special circumstance as to each of the murder counts did not somehow transform each murder count into some different crime with an element not at issue in the earlier federal proceeding so as to allow the California prosecution to avoid application of section 656’s prohibition against putting a criminal defendant twice in jeopardy. My reasoning follows.
In California, a conviction for first degree murder is generally punishable by “imprisonment in the state prison for a term of 25 years to life.” (§ 190.) Only if at least one special circumstance allegation is found to be true may a punishment of either death or life in prison without the possibility of parole be imposed. (§ 190.2, subd. (a).) The special circumstance statute simply “ ‘sets forth an alternate penalty’ ” for the underlying murder. (People v. Jones (2009) 47 Cal.4th 566, 576 [98 Cal.Rptr.3d 546, 213 P.3d 997], italics omitted; see People v. Jefferson (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441].) Rather than being “a complete offense in itself’ or a “ ‘greater degree’ ” of the murder charge, a special circumstance allegation is nothing more than an “appendage” to that charge. (People v. Anderson (2009) *908 47 Cal.4th 92, 115 [97 Cal.Rptr.3d 77, 211 P.3d 584]; see People v. Bright (1996) 12 Cal.4th 652, 661 [49 Cal.Rptr.2d 732, 909 P.2d 1354].)
This court’s decisional law that the special circumstance statute is a penalty provision (People v. Anderson, supra, 47 Cal.4th at pp. 119-120) reflects the California statutory requirement that when a murder prosecution includes a special circumstance allegation, “[t]he question of the defendant’s guilt shall be first determined” (§ 190.1, subd. (a)); only after a conviction of murder is the truth of the special circumstance allegation to be determined (ibid.; People v. Bacigalupo (1993) 6 Cal.4th 457, 467 [24 Cal.Rptr.2d 808, 862 P.2d 808]). Here, when the question of defendant’s guilt of the murders of Vera and Gerald Woodman was put before the jury in the California proceeding, defendant had already been found guilty in federal court of committing those same murders. Prosecuting defendant twice—first in federal court, then in a California court—for those very same killings, violated California’s statutory prohibition against twice putting a defendant in jeopardy for the same criminal conduct. (§ 656.) Therefore, the trial court should have granted defendant’s motion to dismiss the murder charges against him, and I would reverse that court’s judgment.
Appellant’s petition for a rehearing was denied February 20, 2013. Kennard, J., was of the opinion that the petition should be granted.

 The federal law’s murder-for-hire statute under which defendant was convicted imposes life imprisonment when a defendant “travels ... in interstate . . . commerce . . . with intent that a murder be committed in violation of the laws of any State ... as consideration for the receipt of . . . anything of pecuniary value . . . and if death results.” (18 U.S.C. former § 1952A.)