[Crim. No. 2625.  Second Appellate District, Division One.—January 2, 1935.]

THE  PEOPLE,  Respondent,  v.  EDWIN  BRICKERT, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant, when arraigned upon the information charging him with the crime of grand theft,

pleaded guilty. Thereafter he presented to the court a motion to set aside that plea. ██ The motion was made and was denied prior to the pronouncement of judgment. Since the appeal from the order is not an appeal from an order made after judgment, the defendant has no right of appeal from that order. (Pen. Code, sec. 1237.)

In support of his appeal from the judgment appellant relies upon only two points. These are that the court abused its discretion when it denied his motion to withdraw his plea of guilty, and that he was denied his right of having adequate counsel. ██ The second point may be disposed of by noting the fact that defendant was represented by an attorney at law chosen by him for that purpose. If it were appropriate for us to inquire further, we would not be able to draw from the record any inference that the attorney did not intelligently and faithfully perform the duties for which he had been employed.

██ With reference to appellant's contention that the court abused its discretion when it refused to allow defendant to withdraw his plea of guilty, the argument offered in support of that contention is not convincing. Apparently the plea of guilty was entered on the advice of counsel, and with the hope or belief of both counsel and client that the court would admit the defendant to probation, as had been done in two other cases wherein this same defendant had pleaded guilty. Not only was the district attorney entirely innocent of sharing in the advice given to appellant, but the district attorney in fact had advised him to enter a plea of not guilty.

The appeal from the order denying motion to set aside the plea of guilty is dismissed. The judgment is affirmed.

Houser, J., and York, J., concurred.