[Crim. No. 8735. In Bank. June 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. DUDLEE
WADKINS, Defendant and Appellant.

Bertram H. Ross, under appointment by the Supreme Court,
for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—This is an appeal from an order denying appellant's motion to set aside a plea of guilty and from the judgment entered pursuant thereto. For the reasons set forth below that order must be reversed.

On August 20, 1963, an information was filed, charging defendant with forgery of an endorsement (Pen. Code, § 470). On the 22d defendant appeared in Department Southwest B (Judge Miller), the public defender was appointed, defendant was arraigned, pleaded not guilty, and trial was set for October 7, 1963. Defendant was released on bail. On October 7 defendant again appeared before Judge Miller and, with his counsel present, withdrew his plea of not guilty, and entered a plea of guilty. A probation report was ordered, and proceedings continued to November 21. On February 7, 1964, the matter was called in Department 114, Judge Wright, for sentence.[1] Defendant and counsel were present. Probation was denied, defendant sentenced to the state prison for the term prescribed by law, bail exonerated, and defendant remanded to the sheriff for delivery to the Director of Corrections.

On February 13, 1964 (and while defendant was yet in the custody of the sheriff), he addressed a document to the superior court which was filed on February 18. That document was entitled "Writ of Coram Nobis in letter from [sic] as said Petitioner is not verse [sic] in Law." It was properly captioned in all respects, including title of court and cause, and department. In the body, petitioner referred to the sentence of February 7, and alleged that he had changed his plea in Judge Miller's court relying on the promise that he would receive probation. He set forth the facts that the promise of probation was made by "the investigating officer Sgt. Bunk of the Los Angeles 77th St. forgery detail," and by "Sgt. Raferty of the Los Angeles Central Robbery Division, . . . under the supervision of Federal Agent (F.B.I.) Carl Slaughter of the Bank Robbery Division. . . ." The petition further explained that the promise of probation was made by the named officers in return for defendant's promise

---

[1]The record does not indicate the reason for the delay between November 21 and February 7, or the reason for the transfer to Department 114 for sentence.

to aid them in the solution of a bank robbery, and that he did, at their request and at the risk of his life, obtain for the officers the two sawed-off shotguns which were used in that robbery.[2] The document concluded with the sentence, ''I now make a motion to change my plea from guilty to not guilty, on these grounds and that I am not guilty of said charge.''

On the same day the petition was filed, Judge Wright summarily denied it. Notice of denial was mailed to defendant in the county jail. Thereupon (on February 22) defendant forwarded to the Second District Court of Appeal, for filing, a document entitled a ''Writ of Habes [sic] Corpus.'' That document repeated, in substance, the allegations of the petition filed in the superior court, alleged the denial of the latter, and also included allegations bearing on defendant's alleged innocence of the crime of which he had been convicted and sentenced. It contained no prayer, but was accompanied by a petition for stay of execution and bail.

Division Two of the Second District Court of Appeal sent the two documents to the superior court, with instructions to file the same and treat it ''as a timely notice of appeal from Superior Court order denying petition for writ of coram nobis.'' On receipt, Judge Wright denied the applications for bail and stay of execution, and the record was prepared and transmitted to the appellate court. Present counsel was then appointed to represent defendant on appeal. On affirmance, counsel sought and obtained a hearing in this court, and has been appointed for further proceedings here.

In his arguments before this court appellant's counsel treats the matter as an appeal from an order denying the motion to set aside ''a plea of guilty and a judgment entered pursuant thereto.'' Respondent's arguments are predicated upon special rules applicable only to *coram nobis*. Although both counsel have argued these distinctions the differences are immaterial in light of the facts and law involved.

When the defendant, in propria persona, filed his first petition in the trial court he was, quite clearly, seeking vacation of the judgment and permission to change his plea. The niceties of language do not alter that basic fact. Since there

---

[2]Since defendant was then free on bail, and because Sgt. Bunk of the forgery detail was denominated as the ''investigating officer,'' it may be inferred that the officers charged with investigating the independent robbery enlisted the former's aid in obtaining defendant's cooperation. In any event, the petition alleged that all three officers joined in the promise of probation.

had been no appeal from the judgment, and defendant was still in the custody of the sheriff, the trial court had jurisdiction to entertain such motion. ■ Although a motion to change a plea of guilty must ordinarily be made before judgment is pronounced (Pen. Code, § 1018), both motions to vacate the judgment and petitions in the nature of *coram nobis* may be addressed to the trial court after judgment, if there has been no affirmance on appeal (Pen. Code, § 1265).

Thus, if the petition, which was here addressed to the trial court, contained allegations which, if true, would entitle defendant to the relief requested, that court erred in denying it summarily.

The respondent argues: (1) that *corum nobis* did not lie because all of the facts alleged were known to defendant at the time of entry of judgment; (2) that in any event, defendant received a hearing on his petition when the trial court summarily denied the same; and (3) if the original petition is treated as one to change plea, the order denying the same is nonappealable. For the reasons set forth below, the first contention is untenable. The second is supported only by citation of authorities which deny the right to a formal hearing when the evidence (presented with the petition) shows upon its face that there is no merit to the application for relief. The third is supported by the single citation of *People* v. *Singh,* 156 Cal.App.2d 363, 365-366 [319 P.2d 697], which was an appeal from a judgment of conviction, together with an attempt to appeal from an order (denying application to change plea) made prior to judgment. It did not involve a special order made after judgment. (See *People* v. *Brickert,* 3 Cal.App.2d 474 [39 P.2d 450]; and *People* v. *Griffin,* 100 Cal.App.2d 546, 547 [224 P.2d 47].)

■ On the other hand, there is ample authority for the proposition that one who has pleaded guilty in reliance on the unkept promises of reliable public officials should be allowed to withdraw that plea, even after judgment has been pronounced. This is particularly true where, as here, the judgment as pronounced is alleged to be contrary to the promise which gave rise to the guilty plea.

*People* v. *Schwarz,* 201 Cal. 309 [267 P. 71], is factually similar to the instant case. There appellant was induced (by a member of the grand jury, with full knowledge of the deputy district attorney) to surrender herself and make a statement incriminating her accomplice, in return for either outright immunity or light punishment. She originally en-

tered a plea of not guilty, but in reliance on the promises changed that plea to one of guilty. On receipt of a maximum sentence she moved to vacate judgment and to be allowed to change her plea. The motion was denied. This court held, first, that the order denying her motion was appealable, and reversed. The opinion pointed out (at p. 314), "that it is now well settled in this state that where on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before a plea of any kind was entered." To which should be added that any other course would probably constitute a denial of due process of law.

In *People* v. *Campos*, 3 Cal.2d 15 [43 P.2d 274], an order denying a motion to vacate judgment and change plea was also reversed. There the court relied both upon *Schwarz, supra,* 201 Cal. 309, and upon *People* v. *Miller,* 114 Cal. 10, wherein it was said (at p. 16 [45 P. 986]): "The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. . . . Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was . . . unduly and improperly influenced either by hope or fear in the making of it."

If it is not already obvious that the order here under review is an appealable order, the decisions in *People* v. *Thomas,* 52 Cal.2d 521 [342 P.2d 889], and *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657], make such abundantly clear, although each affirmed on other grounds.

██ Whether the proceeding should be treated as one in *coram nobis* or as one arising out of a motion to vacate a judgment the right to relief is clear. Appellant has alleged that his decision to plead guilty was predicated solely upon his reliance on a promise of probation made to him by three responsible public officials, one of whom was the law enforcement officer in charge of the investigation and prosecution of his case. He has alleged that that promise was not kept. He has also alleged that he is innocent of the crime charged, and that he can prove that fact on a new trial. Although he may fail in his attempt to prove any or all of these allegations, there is no denial of them in the record, nor was there at the time his motion was denied.

This is not similar to those cases where the defendant relied on the promise of a person who was not in a position to make it, nor is it (at this point) a case in which it can be said that he read into the promise more than was intended. Such matters can only be determined at a full and fair hearing.

The order denying defendant's motion to vacate judgment and change plea is reversed, and the cause remanded to the trial court for a full hearing on the issues involved.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Burke, J., and White, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.