[Crim. No. 3720. Fourth Dist., Div. One. Apr. 23, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
EARL JAMES McGILL, Defendant and Respondent.

954

COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi and Oretta D. Sears, Deputy District Attorneys, for Plaintiff and Appellant.

Sylvan B. Aronson for Defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—The People appeal from an order granting a new trial, following defendant's conviction of sex acts with a girl under 14 years of age (Pen. Code, §§ 288, 288a). Mentally disordered sex offender proceedings were instituted and terminated; on December 10, 1968, defendant was granted probation.

On January 17, 1969, with new counsel, the parties appeared in court. The court's minutes state: "It was stipulated between counsel to set aside the order granting probation for the purpose of making a motion for new trial." The stipulation was recited for the record by the district attorney. The court granted a new trial on the ground the trial had been a farce and a sham because of the incompetence of defendant's counsel, and on the further ground, on the court's own motion, defendant did not have a full and complete understanding of his right to a jury of 12 jurors when he agreed in the course of the trial the case might be decided by a jury of 11 jurors.

 In appealing the People seek to renege on the stipulation, contending the court did not have jurisdiction to grant the motion for new trial, because it was not made and determined, as required by Penal Code section 1182, before the making of the order granting probation.

Where, as here, the court has made an order granting probation but has set aside that order, it may entertain and grant a motion for a new trial as though no order granting probation had been made. (*People v. Hales,* 244 Cal.App.2d 507, 511 [53 Cal.Rptr. 161]; *People v. Jaramillo,* 208 Cal.App.2d 620, 627 [25 Cal.Rptr. 403].)

The key question is whether the court had jurisdiction to set aside the probation order. As no appeal had been taken, the trial court at all times had jurisdiction to set aside the order upon motion or upon a petition in the nature of an application for a writ of error *coram nobis.* (*People v. Wadkins,* 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429].) The stipulation of the parties the probation order might be side aside supplied the

factual posture necessary to an order to set aside and waived all procedural requirements essential to such an order. The phraseology of the stipulation is of no concern. The parties intended to place the case in that status essential to allow the court to entertain a motion for new trial. It must be assumed the action of the trial court carried out that intention and encompassed the dual action of setting aside the probation order and entertaining the motion. The situation might have been different absent the stipulation, which was the case in *People* v. *Hales, supra,* 244 Cal.App.2d 507, cited by the prosecution.

█ The trial court had jurisdiction to deal with the merits of the motion for new trial on the ground defendant was denied his constitutional right to counsel, in that the trial was a sham and farce, based upon the conduct of his counsel (*People* v. *Harrison,* 46 Cal.App.2d 779, 783-784 [117 P.2d 19]; *People* v. *Zuccaro,* 47 Cal.App.2d 414, 416-417 [118 P.2d 40]).

Weakly and without persuasion, appellant seeks to argue defendant's trial attorney was competent, and the trial was not a farce and sham. On ample evidence, and well within its discretion, the court held otherwise.

█ Under Penal Code section 1181, subdivision 5, the court properly granted a new trial for its error in deciding a question of law arising during trial relating to the validity of defendant's jury waiver (*People* v. *Garcia,* 98 Cal.App. 702 [277 P. 747]). The record supports the court's action.

Order affirmed.

Coughlin, J., and Ault, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1970. McComb, J., was of the opinion that the petition should be granted.