[No. B050916. Second Dist., Div. Six. May 8, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DANA PATRICK GORDON, Defendant and Appellant.

**COUNSEL**

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Robert Carl Schneider and David A. Warshaw, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**YEGAN, J.**—Pursuant to a negotiated disposition Dana Patrick Gordon was convicted by plea of three counts of forgery (Pen. Code, § 470) and remaining counts were to be dismissed at the time of sentence. Represented by counsel, he entered these pleas before a magistrate. (Pen. Code, § 859a, subd. (a).) The "Felony Disposition Statement" recited: "District Attorney's position on sentence: The defendant should be placed on probation and not now be committed to state prison." It also recited that as a result of

the pleas, appellant could be sentenced to state prison or committed to the youth authority for a term not to exceed four years and four months. At the time of sentencing in superior court, he was committed to the California Youth Authority for an aggregate term not to exceed three years four months.

He appeals, contending: "I. Appellant should have been allowed the opportunity to withdraw his guilty plea in light of the fact that he did not receive the benefit of his bargain. II. Appellant's commitment to the custody of the Youth Authority as a youthful offender was invalid, absent appellant's consent." These contentions are without merit and we affirm.

At the April 10, 1990, sentencing hearing, counsel for appellant argued that he should be given probation with a term in county jail ". . . somewhat less than one year . . . ," consistent with the negotiated disposition. The court remarked, "I'm a little concerned about Mr. Farley's [defense counsel] opening comment mainly that the Defendant pled guilty with the expectation and understanding that this was a probation case because the district attorney made a commitment that they were not going to seek a Department of Corrections or a youth authority commitment in this case. *If that in some way binds this Court, then I'd be glad to consider the Defendant withdrawing this plea* because, Mr. Farley, I have never seen a case that cries out more for the youth authority than this case. . . . The problem is that the Defendant has been on probation since he was 13, and he has failed in every aspect . . . . I'm going to commit him to the youth authority. *Now, if that in some way is a breach of some understanding that the Defendant had or you'd had, I'd certainly be glad to consider a withdrawal of the plea. . . . I don't want the defendant to feel that he has been—somehow something that he thought he had is now being taken away from him.*" (Italics added.)

At no time during the April 10, 1990, sentencing hearing did appellant or his attorney indicate that the pleas were involuntary or there was any misunderstanding relating to the "District Attorney's position on sentence." Neither appellant nor his attorney mentioned withdrawal of the guilty pleas. The sentencing was put over one week for appellant and counsel to confer.

At the continued sentencing hearing on April 17, 1990, again, neither appellant nor his attorney indicated that the pleas were involuntary or there was any misunderstanding relating to the "District Attorney's position on sentence." Neither mentioned withdrawl of the guilty pleas. At this time, appellant was adamant that he did not want to be committed to the youth authority and requested to be sentenced to state prison instead. The court

denied this request and consistent with its earlier articulated views, committed appellant to the California Youth Authority.

On May 8, 1990, appellant again appeared on the court's calendar to reiterate his request to be sentenced to state prison. When the court declined, appellant said, "[*t*]*hen I would like to withdraw my plea.*" (Italics added.) The court denied the motion. Appellant said, "[s]o what you're trying to tell me is I'm some punk kid; right?" The court responded: "No, I'm saying I'm not sending you to prison. [¶] End of discussion. Have a seat. Good luck."

■■■ At the outset we focus on the sentencing court's comments concerning the "District Attorney's position on sentence" and whether it was binding on the sentencing court. The premise of appellant's claims is that he entered into a "plea bargain" for probation with a maximum term of confinement of one year in county jail as a condition thereof and that the superior court was precluded from imposing any other disposition. Not so. Neither the magistrate nor the superior court ever committed to any particular disposition and the superior court is not bound by the prosecutor's "position on sentence" when a plea is entered before a magistrate pursuant to Penal Code Section 859a, subdivision (a).

"[W]hen a plea rests in any significant degree on a *promise or agreement* of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello* v. *New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 433, 92 S.Ct. 495], italics added.) Here, the "District Attorney's position on sentence" is not a *promise or agreement* that a certain disposition will be imposed by the court. It is simply what it says: the prosecutor's position on sentence.

At the April 10, 1990, sentencing hearing, the People recognized their commitment by stating that ". . . one year is the minimum that he should be looking at." At the April 17, 1990, sentencing hearing, the People stood mute, except to move for the dismissal of the remaining counts. We emphasize that this is not a situation where there was a clandestine promise of a certain disposition by a prosecutor or a police officer. This was a court-supervised negotiated disposition and the People fulfilled their promise.

Even though the sentencing court was not bound by the "District Attorney's position on sentence," it recognized that appellant could theoretically have been misled. Although not required to do so, in the exercise of its broad discretion, the trial court sua sponte mentioned plea withdrawl as a remedy at the April 10, 1990, sentencing hearing. "The English, based on centuries of experience, have coined a saying that 'Not only must justice be

done, but it must appear to have been done . . . .' " (*People* v. *Swearingen* (1978) 84 Cal.App.3d 570, 582, fn. 4 [148 Cal.Rptr. 755] [dis. opn. of Hansen, J.].) We commend the trial court for its articulated concern for "the appearance of justice."

Even if we were to assume that there was a "plea bargain" for probation with a maximum term of confinement of one year in county jail, appellant's contentions would still be without merit. ▮▮▮ "Where, as here, a defendant pleads guilty in reliance on . . . [promises from the prosecutor] it is error for the court to sentence the defendant without allowing him to withdraw his guilty plea." (*People* v. *Delles* (1968) 69 Cal.2d 906, 910-911 [73 Cal.Rptr. 389, 447 P.2d 629].) The converse of this proposition is also true. It is not error for the trial court to sentence a defendant to a term in excess of the negotiated disposition if it first allows the defendant the opportunity to withdraw therefrom. Once the opportunity is extended, the defendant must timely move to withdraw the guilty plea. ▮▮▮ In this case the motion would have been timely on April 10, 1991, or April 17, 1991. The defendant may not gamble on the outcome of the hearing and then successfully complain after an adverse ruling.

"Although a motion to change a plea of guilty must ordinarily be made before judgment is pronounced (Pen. Code, § 1018), both motions to vacate the judgment and petitions in the nature of *coram nobis* may be addressed to the trial court after judgment, if there has been no affirmance on appeal (Pen. Code, § 1265)." (*People* v. *Wadkins* (1965) 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429].) The rules attendant to the grant or denial of petitions for writs of *coram nobis* have been succinctly stated by our Supreme Court. (See *People* v. *Shipman* (1965) 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].) Here appellant could not state meritorious grounds for the granting of *coram nobis* relief since he knew of the prosecutor's position relating to probation and the court's position relating to the youth authority prior to the commitment thereto. (*Id.*, at p. 230.)

▮▮▮ Appellant's second contention is also without merit. By electing not to timely move to withdraw his guilty pleas when advised of the court's tentative views, appellant is deemed to have consented to the disposition selected. A youthful defendant who has repeatedly failed on probation for approximately five years is not the person selected by the Legislature to decide what is in his best interests. The trial court, sensitive to the needs of this youthful defendant and the benefit that he might reap by a youth authority commitment, was not required to honor appellant's braggadocio claim of manhood and uninformed willingness to serve the time in state prison.

The judgment (order of commitment) is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.