[No. B058581. Second Dist., Div. Six. Apr. 15, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
ALEXANDER CARMEN ARAUZ, Defendant and Respondent.

[No. B058612. Second Dist., Div. Six. Apr. 15, 1992.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
ALEXANDER CARMEN ARAUZ, Real Party in Interest.

COUNSEL

Michael D. Bradbury, District Attorney and Michael D. Schwartz, Deputy District Attorney, for Plaintiff and Appellant and for Petitioner.

No appearance for Respondent Superior Court.

Kenneth I. Clayman, Public Defender, and Neil B. Quinn, Deputy Public Defender, for Defendant and Respondent and for Real Party in Interest.

OPINION

GILBERT, J.—Penal Code[1] section 1192.7 prohibits plea bargaining in certain criminal cases. This statute reflects the wishes of the voters as stated in Proposition 8, the so-called Victim's Bill of Rights.

The prohibition is not absolute. Subdivision (a) of section 1192.7 states that the prohibition applies unless "a reduction or dismissal would not result in a substantial change in sentence." In this case of first impression, we must decide what is a substantial change in sentence, or to put it another way, a substantial change from what? We conclude that so long as the sentence a

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

judge imposes as a result of a plea bargain is substantially the same sentence the judge would have imposed had there been no plea bargain, the sentence is proper.

## FACTS

Alexander Carmen Arauz was charged with driving under the influence on May 9, 1989, and May 29, 1989, with five prior convictions of driving under the influence. Such an offense with three priors is punishable as a felony or misdemeanor. (Veh. Code, § 23175, subd. (a).) The triad of prison punishment for such a felony offense is sixteen months for the mitigated term, two years for the presumptive middle term, or three years for the aggravated term. (§ 18; Veh. Code, § 23175, subd. (a).)

If the court believes a consecutive sentence is appropriate, it must impose, as a subordinate term, one-third of the presumptive middle term, i.e., eight months. (§ 1170.1, subd. (a).) The maximum punishment Arauz could receive is three years eight months.

At a pretrial conference the trial judge made a commitment to Arauz. If Arauz pled guilty to both charges and admitted all the priors, the judge would sentence him to the middle term of two years plus a consecutive eight-month term for the subordinate offense. The judge also reserved the right to withdraw from this commitment at the time of sentencing. Under these conditions, Arauz pled guilty.

The prosecution objected. From its point of view, the court's commitment violated section 1192.7's prohibition against plea bargaining. From Arauz's point of view, he would not have pled guilty and admitted the priors without the court's conditional promise of a maximum sentence of two years eight months. From the trial judge's point of view, given all the facts and circumstances of Arauz's case, he gave Arauz the same sentence he would have given him without the commitment.

At the sentencing hearing, Arauz argued for probation. After reading the probation report, the judge determined that an aggregate term of two years eight months was the appropriate sentence. The People again objected and argued that the appropriate sentence was the maximum sentence of three years eight months. If this sentence was unacceptable to Arauz, the People argued, then he should be given an opportunity to withdraw his pleas and admissions. The court overruled the People's objection and sentenced Arauz to two years eight months, consistent with his commitment.

The People sought relief in this court. In an opinion filed January 8, 1991, we held that the trial judge did not give an "indicated sentence" (see, e.g.,

*People* v. *Superior Court* (*Ramos*) (1991) 235 Cal.App.3d 1261, 1271 [1 Cal.Rptr.2d 333]) but instead ". . . entered into a conditional plea bargain . . . ." We issued a peremptory writ ordering ". . . the trial court to make appropriate findings whether one of the enumerated exceptions to section 1192.7 applies, and if it does not, to vacate respondent's [Arauz's] plea." (B045773.)

On March 29, 1991, the trial judge held a hearing in compliance with our order. The People argued that the trial court's commitment was a substantial reduction of sentence and violated section 1192.7, subdivision (a). The People also argued that if the court's view of the statute were the law, then the exception would swallow the rule. The trial judge responded, "I don't agree with that . . . . I think that there are or can be instances where Courts follow negotiated dispositions, and for some reason, are unwilling to withdraw from them, even though they may feel, after considering a report, that the commitment is not an appropriate one. I think that can happen, although [it] doesn't happen in my court, because in my court, where I'm unhappy with any negotiated disposition, I offer to set it aside, and I have, on occasion, set it aside."

The judge also mentioned that notwithstanding the long history of driving under the influence, ". . . a plea in this proceeding is a very heavy mitigating factor." Comparing the instant case to other triads of sentences, the court concluded that the instant reduction ". . . is about as insubstantial as you can get in the world of commitments to state prison. . . . [I]f the case were before me de novo, say, without a negotiated disposition, [there] would be no different disposition."

The People both appeal and petition for a writ, contending that the trial court violated section 1192.7, subdivision (a) and inappropriately relied upon Arauz's plea of guilty as a circumstance in mitigation (see Cal. Rules of Court, rule 423(b)(3)).

### DISCUSSION

Section 1192.7, in pertinent part, provides: "(a) Plea bargaining in any case in which the indictment or information charges any serious felony, . . . or any offense of driving while under the influence . . . is prohibited, unless . . . *a reduction or dismissal would not result in a substantial change in sentence.*" (Italics added.)

Section 1192.7 subdivision (b) provides: "As used in this section 'plea bargaining' means any bargaining, negotiation, or discussion between a

criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant."

■ The trial judge entered into a plea bargain with Arauz. Even though the judge reserved the right to withdraw from the conditional promise, he gave Arauz an "assurance" in exchange for his pleas and admissions within the meaning of section 1192.7, subdivision (b). We adhere to the law of the case on the first People's writ, i.e., that the trial court ". . . entered into a conditional plea bargain . . . ." (See *People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 64-65, fn. 6 [2 Cal.Rptr.2d 389, 820 P.2d 613].)

Section 1192.7, subdivision (a) "does not absolutely prohibit plea bargaining when serious felonies [or driving under the influence] are charged." (*People* v. *Webb* (1986) 186 Cal.App.3d 401, 410 [230 Cal.Rptr. 755]; see also *People* v. *Cardoza* (1984) 161 Cal.App.3d 40, 46, fn. 6 [207 Cal.Rptr. 388]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2187, p. 2564.) ■ A plea bargain is permissible where "a reduction or dismissal would not result in a substantial change in sentence."

What does this mean? ■ To interpret the language, " ' " '[s]ignificance should be given to every word, phrase, sentence and part of an act . . . .' " ' " (*Schwab* v. *Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435 [280 Cal.Rptr. 83, 808 P.2d 226].) "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) "In the case of a penal statute, it is the policy of this state to construe the statute as favorably to the defendant as its language and the circumstances of its application permit. [Citation.]" (*In re Nathaniel C.* (1991) 228 Cal.App.3d 990, 1002 [279 Cal.Rptr. 236].)

■ The statute does not say who makes the determination as to what is a substantial reduction in a sentence. We conclude the sentencing determination resides with the judiciary. "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." (Cal. Const., art. III, § 3.) Charging decisions are within the discretion of the executive branch of government. (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 451 [279 Cal.Rptr. 834, 807 P.2d 1063].) Decisions concerning sentencing are uniquely within the province of the judiciary.

(*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 65-66 [113 Cal.Rptr. 21, 520 P.2d 405]; *People* v. *Tenorio* (1970) 3 Cal.3d 89, 94 [89 Cal.Rptr. 249, 473 P.2d 993].)

At this point we know that a plea bargain is permissible provided that there is no change in sentence, and if there is a reduction in sentence, it must not be substantial. That leads us to the next question. Against what do we measure the reduction, if any?

The People contend the reduction is measured against what would be the maximum sentence for the case, including consecutive terms for all "enhancements," to wit, three years eight months.

The People cite no authority to support this contention. Nothing in Proposition 8 compels such a conclusion. It did not repeal the complex and comprehensive sentencing procedures specified in section 1170 et seq. Nor did it require that a trial court exercise sentencing discretion in any particular manner. There is, however, a requirement concerning punishment. Section 3 of the initiative, adding section 28 subdivision (a) to the California Constitution, notes that to protect crime victims, convicted felons should be "sufficiently punished." Section 3 also mentions that procedural reforms (e.g., adoption of § 1192.7) ". . . are necessary and proper as deterrents to criminal behavior . . . ."

Here, the trial judge ensured that the deterrent goal of the initiative was realized. He "sufficiently punished" Arauz. In order to determine whether the judge's sentence conforms to the statute's requirements, we need not invent a standard. We have one. It is the sentence the judge would impose without a plea bargain. In such a case, there is no reduction that would result in a substantial change in sentence.

The concurring and dissenting opinion (hereafter the dissent) argues that we have in reality stated no rule. The dissent insists that the standard must be the same in every case, the middle term, irrespective of the circumstances. Even if there is a Platonic ideal as to what the appropriate sentence is for each case, we cannot know it in our imperfect world. Even if we could know it, we seriously doubt it would always be the midterm. Competent and conscientious judges, therefore, will arrive at different conclusions as to what is an appropriate sentence in a particular case.

Even a sentence before the same judge may vary depending upon what stage of the proceedings the sentence is imposed. For example, when a defendant pleads guilty before trial, the judge may impose a particular

sentence based on arguments of counsel, arrest reports, statements of the defendant, and the probation report.

That same judge sentencing the same defendant may determine a different sentence is appropriate after the case is tried. This is because cases do not always turn out exactly as either the prosecution or defense expect. Some witnesses may be more or less helpful than others. Some witnesses may not show up. Cross-examination may reveal unexpected weaknesses or strengths. Thus, the sentence at the conclusion of the trial may be more or less severe than the sentence imposed at the time of the plea.

That sentences are not immutable should not so disquiet us that we must invent a yardstick against which to measure what is a "substantial reduction." That is what the dissent does. It uses the middle term as its yardstick. This measurement will often be inaccurate. It tells judges that irrespective of what the appropriate sentence should be, if the court sentences a defendant to the middle term pursuant to a plea bargain, the sentence will fall within the "unsubstantial change exception."

This exception would thus apply to the defendant whose appropriate sentence should be the aggravated term. A judge could sentence such a defendant to the lower midterm sentence and not violate the statute. Such a result would violate the spirit of Proposition 8 that the dissent wishes to preserve. Defendants who deserve the maximum sentence would be allowed to plea bargain in order to avoid what Proposition 8 seeks to ensure, "sufficient punishment."

On the other hand, pity the defendant who wishes to plead guilty in exchange for a sentence commitment to the mitigated low term, where, in fact, that is the appropriate sentence the defendant should receive. The judge who accepts such plea and sentences the defendant accordingly will have violated the statute. According to the dissent, only defendants receiving the middle- or upper-term sentences may plea bargain. Ironically, it is often the defendant whose appropriate sentence is the low term who should be the most deserving of a plea bargain.

The People consider our approach one in which the exception swallows the rule. This would be true only if we assume judges do not act with integrity. Section 1192.7 prohibits judges from giving defendants, among other things, a lighter sentence in exchange for a plea of guilty. It would be unduly cynical to assume that judges will disguise their motives when sentencing defendants who have plea bargained. It is more realistic to assume that judges will carry out their duties in compliance with the law. If

there is evidence to indicate the contrary in a particular case, then the appellate courts will act accordingly.

What is an example of a case where the acceptance of a plea in exchange for an assured sentence does not result in a substantial change in sentence? This one. In fact, here there is no change at all. The trial judge said that the sentence imposed is the one he would have given to the defendant without a negotiated disposition. It is true that at one point he said he thought the plea was a mitigating factor, but then pointed out that the sentence is what he would have given absent the negotiated disposition. The People concede the trial court ". . . made a finding that the bargain did not result in a substantial change in sentence."

The judge also stated his customary practice. If he becomes unhappy with a negotiated disposition after receiving further information about the defendant, he will not impose sentence. Instead, he will set the plea aside. To allow a defendant to set aside a plea is an appropriate practice. "It is not error for the trial court to sentence a defendant to a term in excess of the negotiated disposition if it first allows the defendant the opportunity to withdraw therefrom." (*People* v. *Gordon* (1991) 229 Cal.App.3d 1523, 1527 [281 Cal.Rptr. 12].)

Of course, a court may take into account a defendant's candid admission of guilt and remorse in sentencing. That, however, is not the same as giving the defendant a lighter sentence if he pleads guilty, or punishing him with a harsher sentence if he goes to trial. In this case, the judge felt the appropriate sentence was the middle term, and that was the sentence the court gave. Therefore, there was no substantial change in the sentence. We leave to another day to decide what is or is not a substantial change.

The trial court here did not violate section 1192.7, subdivision (a). The judgment is affirmed. The People's writ petition is denied.

Stone, (S. J.) P. J., concurred.

**YEGAN, J.,** Concurring and Dissenting.—The result reached by the majority is unquestionably correct. However, I must respectfully dissent from the rule announced therein. The rule announced by the majority (maj. opn., *ante*, pp. 665-666) is so amorphous that in reality, there is no rule at all. I too share in the trust, confidence, and integrity in our trial court judges. Nevertheless, the majority rule may allow the trial court to violate at least the spirit of the restriction on plea bargaining passed by the voters as part of Proposition 8, the Victim's Bill of Rights. (Pen. Code, § 1192.7.)

Three points must be emphasized. One, no person charged with any criminal offense has an entitlement to a plea bargain. Two, to the extent that a plea bargain is contemplated, where the offense is enumerated in Penal Code section 1192.7 subdivision (c), there is an express limitation on the process. Three, at a postconviction sentencing hearing, the trial judge is free to impose whatever disposition is authorized by law. Penal Code section 1192.7 has no effect whatsoever on this later observation. The issues now before the court deal only with an antecedent procedure before the actual sentencing, i.e., disposition by way of a guilty plea. In my view, the majority rule tends to eviscerate the restriction on plea bargaining.

I believe that our trial courts are entitled to an objective, reasonable, and workable rule which comports with at least the spirit of Proposition 8's restriction. Articulation of a clear and workable rule should be the hallmark of an appellate opinion. The rule announced should be one capable of uniform application to persons similarly situated. This is especially true in the context of the determinate sentence law. One of its declared objectives was ". . . the elimination of disparity and the provision of uniformity of sentences . . . ." (Pen. Code, § 1170, subd. (a)(1).)

It would be inappropriate to speculate how Penal Code section 1192.7, subdivisions (a) and (b) would be applied in the myriad of situations not before the court (e.g., where the court conditionally commits to the mitigated term). The only issue presented in the instant case is whether the trial court's conditional commitment of the two-year midterm was a "substantial reduction." Thus, I only address the selection of the "base term," ". . . the determinate prison term selected from among the three possible terms prescribed by statute . . . ." (Cal. Rules of Court, rule 405(b).)

Penal Code section 1192.7, in pertinent part, provides: "(a) Plea bargaining in any case in which the indictment or information charges any serious felony . . . or any offense of driving while under the influence . . . is prohibited, unless . . . a reduction or dismissal would not result in a substantial change in sentence."

Penal Code section 1192.7, subdivision (b) provides: "As used in this section 'plea bargaining' means any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant."

The "unsubstantial change exception" speaks in terms of a reduction. Reduction from what? What is the yardstick for determining whether a reduction is substantial? Is the reduction measured from the theoretical absolute maximum sentence including consecutive terms for all "enhancements," (see Cal. Rules of Court, rule 405(a)) as contended by the People? Is it measured from what punishment the defendant would have received had there been no plea bargain—the majority's holding? Or is the reduction measured against the presumptive midterm with concurrent sentences on remaining counts with or without reference to other enhancements? Simply posing these legitimate questions underscores my opinion that the statute is not a model of precision.

At oral argument, the People conceded that the statute is "unclear." This view is shared by the California District Attorney's Association. (*Proposition 8—The Victim's Bill of Rights* (1982) CDAA, ch. IX, p. 16. "This exception [no substantial change in sentence] to the general plea-bargaining prohibition in section 1192.7 is susceptible to a number of interpretations.") The statute is surely a logical candidate for statutory construction even though it arose through the initiative process. (*Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1300 [276 Cal.Rptr. 49, 801 P.2d 292].)

The People cite no authority that compels or even suggests that the yardstick is the theoretical maximum period of confinement, in this case, three years eight months. It is not enough to conclusionally say that Proposition 8 is a "get tough on criminals" initiative.

Proposition 8 did not repeal the sentencing procedure specified in Penal Code section 1170 et seq. Nor did it purport to require that a trial court exercise sentencing discretion in any particular manner. Absent the total abolition of plea bargaining, the United States Supreme Court has ". . . unequivocally recognize[d] the constitutional propriety of extending leniency in exchange for a plea of guilty . . . ." (*Corbitt* v. *New Jersey* (1978) 439 U.S. 212, 224 [58 L.Ed.2d 466, 477; 99 S.Ct. 492]; cf. *In re Lewallen* (1979) 23 Cal.3d 274, 278-279 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823].)

Section 3 of Proposition 8, adding section 28 subdivision (a) to the California Constitution, notes that to protect crime victims, convicted felons should be "sufficiently punished." Section 3 also mentions that procedural reforms (e.g., adoption of Pen. Code, § 1192.7) ". . . are necessary and proper as deterrents to criminal behavior. . . ." Here, as noted by the majority, the trial court "sufficiently punished" Arauz, and the manner in which the punishment was effected does no violence to the deterrent effect of Penal Code section 1192.7.

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court *shall order the imposition of the middle term*, unless there are circumstances in aggravation or mitigation of the crime." (Pen. Code, § 1170, subd. (b), italics added; see also Cal. Rules of Court, rules 420(a), 428(b).) Thus, the midterm is the presumptive sentence selected by the Legislature.

Given this rule, there is no logical reason to credit the People's theory that the aggravated three-year upper term is the first point of departure. I would construe this amgibuous statute as favorably to the defendant as its language reasonably permits. (*In re Nathaniel C.* (1991) 228 Cal.App.3d 990, 1002 [279 Cal.Rptr. 236].) Since the drafters of Penal Code section 1192.7, subdivision (a) did not tell us what yardstick to use, I would simply read Penal Code section 1192.7 in pari materia with Penal Code section 1170, subdivision (b) and adopt the presumptive middle term as the yardstick for determining whether a reduction is substantial.

This construction is consistent with the rule that " '[a] statute must be construed "in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts." [Citation.]' " (*People* v. *Hull* (1992) 1 Cal.4th 266, 272 [2 Cal.Rptr.2d 526, 820 P.2d 1036]; see also *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33]; *People* v. *Comingore* (1977) 20 Cal.3d 142, 147 [141 Cal.Rptr. 542, 570 P.2d 723].)

For purposes of Penal Code section 1192.7, subdivision (a) a plea bargain for the presumptive middle term must be deemed "sufficient punishment." (Cal. Const., art. I, § 28, subd. (a).) Adoption of the presumptive middle term as the yardstick for measuring whether a contemplated reduction is substantial or not, does no violence to the letter or spirit of the restriction. Moreover, it provides an objective, reasonable, and workable rule for the trial courts.

Since I conclude that the People's premise is incorrect, it follows that the selection of the two-year middle term as the base term is not a reduction at all, let alone a substantial reduction.

There is little doubt that Arauz was a recidivist who deserved swift and sure punishment. That's what he got. He had never been sentenced to state prison, let alone been the recipient of a consecutive prison sentence. His previous maximum period of incarceration was 150 days as a term and condition of misdemeanor probation for driving under the influence. Even where Proposition 8 applies, the prosecutor ". . . simply does not have the power to require the trial court to exercise sentencing discretion in any

particular way." (*People* v. *Superior Court* (*Ramos*) (1991) 235 Cal.App.3d 1270, fn. omitted.) The sentence here selected is certainly within the broad range of sentencing discretion unaffected by Penal Code section 1192.7.

A petition for a rehearing was denied May 13, 1992, and appellant's petition for review by the Supreme Court was denied July 9, 1992.