BUTZ, J.,
Concurring. — With apologies to Dolly Parton, here I go again, concurring with myself. (See People v. Elder (2014) 227 Cal.App.4th 1308, 1318 [174 Cal.Rptr.3d 795] (conc. & dis. opn. of Butz, J.).) My fellow justices quite rightly agree that the criminal court attempted to correct judicial error in a ruling that was final and, therefore, under Smith v. Superior Court (1981) 115 Cal.App.3d 285 [171 Cal.Rptr. 387] (Smith), its subsequent orders were void (and, as a result, subject to collateral attack in the present proceedings). Although unable to convince my colleagues to head down this path, I concur separately to advocate that there is other precedent suggesting Smith’s broad holding — that a dismissal order is a final ruling never subject to modification — is not necessarily correct.
Jackson v. Superior Court (2010) 189 Cal.App.4th 1051 [118 Cal.Rptr.3d 81] (Jackson) added a nuance to the distinction between interim and “final” *819 orders. It concluded a trial court retains the jurisdiction to reconsider an order granting a petition for habeas corpus before the taking of an appeal, because the order was not “binding” until the period to appeal expired. (Id. at pp. 1067-1068.) Among the authority on which it relied was People v. Wadkins (1965) 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429], which held that a trial court has jurisdiction to vacate a final judgment (or alternately grant a petition for a writ of coram nobis) before the time to appeal expired in order to' allow a defendant to withdraw a plea. (Accord, People v. McGill (1970) 6 Cal.App.3d 953, 955 [86 Cal.Rptr. 283] [trial court had jurisdiction to set aside final order granting probation before the time to take an appeal expired to entertain a new trial motion, citing Wadkins].)[1]
People v. Krivda (1971) 5 Cal.3d 357, 362-363, and footnote 2 [96 Cal.Rptr. 62, 486 P.2d 1262] (which described the question of the extent of the trial court’s inherent power to reconsider as unsettled, but declined to provide any answer) also suggested that the point at which a final order becomes binding is relevant to the analysis of when reconsideration is permissible. It held that a ruling on a motion to suppress is final for purposes of review within 30 days as a matter of statute and therefore cannot be reconsidered after that time, suggesting the converse (in accord with the later holding in Jackson, which does not cite it): that reconsideration of even a final determination that is not yet binding is proper.[2]
Entwined in the concept of the binding status of a final ruling are considerations of jeopardy. Obviously, there cannot be anything more final than a postjeopardy rendition of judgment that amounts to an acquittal of an enhancement, as in In re Candelario, supra, 3 Cal.3d 702, which is not subject to review, and this must inform that decision in some sense. (Smith, supra, 115 Cal.App.3d at p. 293 [“The tenor of the Candelario decision suggests that when the discretionary judicial act has been performed in the defendant’s favor, the judgment or order is immune from . . . trial court attack.”].) This might explain why the then recent holdings in Wadkins (which vacated a criminal judgment to allow withdrawal of a plea) or McGill (which set aside a final order of probation to allow a defendant to file a *820 motion for new trial) did not figure at all in Candelario’s analysis, because they did not involve reviving a terminated prosecution against a defendant postjeopardy. Had the Candelario opinion expressly made this point, it might have better informed the analysis in this area of law.
Viewing the above authority and the authorities cited in the majority opinion (which do not, for the most part, take each other into account) in light of this possible “binding ruling” qualification (subject to considerations of jeopardy), the reinstatement of charges or a recidivist finding in People v. Nesbitt (2010) 191 Cal.App.4th 227 [120 Cal.Rptr.3d 59] (Nesbitt) and People v. Castello (1998) 65 Cal.App.4th 1242 [77 Cal.Rptr.2d 314] (Castello) postjeopardy is permissible because these rulings were preliminary to the rendition of any judgment of acquittal (even if refiling of charges were not possible) and thus not final rulings terminating the trial court’s jurisdiction to prosecute the defendants further (and In re Anthony H. (1982) 138 Cal.App.3d 159 [187 Cal.Rptr. 820] being an even more preliminary ruling because the oral order had not yet been officially recorded). Wadkins, McGill, and Jackson properly focused on whether the rulings were final with respect to the time to appeal, because in each instance the postjeopardy reconsiderations did not seek to reinstate jurisdiction over prosecutions of those defendants that had terminated, nor does reconsideration of collateral relief in Jackson.
With this understanding, it can be seen that Smith’s holding — which did not take the concept of a binding final order into account — should not prescribe the result in every instance. An order of dismissal is not necessarily like the rendition of the postjeopardy judgment of acquittal in Candelario, which was binding, and thus I think it is too broad a statement to consider all orders of dismissal to be “final” as of their rendition merely because this is a termination of the action against a defendant. (E.g., Nesbitt, supra, 191 Cal.App.4th at p. 238 & fn. 10; Smith, supra, 115 Cal.App.3d at p. 289.) If it is a first order of dismissal of felony charges prejeopardy, there is still the power to prosecute the defendant, and thus a trial court’s jurisdiction to reinstate the charges against a defendant through reconsideration of its order should not terminate until the taking of an appeal[3] or the order becoming binding upon the expiration of the time to do so.
People v. DeLouize (2004) 32 Cal.4th 1223, 1232-1233 [13 Cal.Rptr.3d 302, 89 P.3d 733] indicates that the doctrine of “finality” is not an absolute, *821 but reflects the expression of a collection of principles. A first felony dismissal does not have a terminating effect on the ability to reprosecute a defendant,[4] and a timely correction in the trial court of an erroneous dismissal thus does not represent relitigation of settled issues — rather, it forestalls unnecessary expenditure of judicial resources in going through the additional process of refiling new charges. (In contrast, the result in Marler v. Municipal Court (1980) 110 Cal.App.3d 155 [167 Cal.Rptr. 666] involved the dismissal of a misdemeanor, which terminated the ability to prosecute those defendants further and thus the order of dismissal would be binding on issuance.) Although I would not imagine the present situation to represent a recurring problem, it offends my notions of judicial efficiency to accord the status of “magic words” to a trial court’s oral pronouncement, which then cannot be taken back after being recorded in the minutes. (Cf. Castello, supra, 65 Cal.App.4th at p. 1249 [A court cannot operate successfully under requirement of infallibility in its interim rulings.].) The result in the present case is not an outcome that any of the parties desired for the deeply disturbed subject of the proceedings (though the attorneys for Christopher B. were obligated to pursue it).
This is not the tidiest collection of holdings to apply in the present case. Having sewn this precedent together into one piece, perhaps this concurring opinion can inspire the Supreme Court to take the opportunity to tailor it more seamlessly on the question of whether a final ruling also being “binding” plays any role in the holding of Smith.

 Just to make things interesting, Jackson does not cite either In re Candelario (1970) 3 Cal.3d 702, 704-707 [91 Cal.Rptr. 497, 477 P.2d 729], where the court had entered the amended judgment before that defendant’s unsuccessful appeal, or Smith, supra, 115 Cal.App.3d at page 287, where the court vacated its order of dismissal before the taking of any appeal and, conversely, neither Candelario nor Smith took the period to appeal into account in the determination of finality, or the holdings in Wadkins or McGill.

 A court has jurisdiction to reconsider a suppression ruling during that 30-day period only to correct its own error sua sponte in applying the law, and under several other narrow circumstances in the interests of justice. (People v. Ramirez (1992) 6 Cal.App.4th 1583, 1589, fn. 4, 1592-1593 [8 Cal.Rptr.2d 529].)

 The People may appeal an order of dismissal that does not implicate double jeopardy. (People v. Eroshevich (2014) 60 Cal.4th 583, 589, fn. 3 [179 Cal.Rptr.3d 356, 336 P.3d 678]; Pen. Code, § 1238, subd. (a)(8).) However, as I noted above (maj. opn., ante, at p. 818), a defective order of dismissal pursuant to Penal Code section 1385 is not void, and a failure to make a contemporaneous challenge forfeits the right to raise defects in the order on appeal.

 Again, I note that the parties have not explored whether reindictment of Christopher B. was an option in the criminal case after the court’s ruling. (Maj. opn., ante, at p. 817.)